(114 P.3d 996)

No. 92,367

STATE OF KANSAS, *Appellee*, v. CHARLES L. BEENEY, *Appellant*.

Opinion filed July 8, 2005.

*Rick Kittel*, assistant appellate defender, for appellant.

*Ty Kaufman*, county attorney, and *Phill Kline*, attorney general, for appellee.

Before JOHNSON, P.J., ELLIOTT and MALONE, JJ.

JOHNSON, J.: Charles L. Beeney appeals his jury conviction for one count of feloniously fleeing or attempting to elude a police officer in violation of K.S.A. 8-1568(b). Beeney challenges his conviction on three bases: (1) the complaint was fatally defective because it omitted essential elements of the crime and because the complaint language failed to allege a crime; (2) the instruction defining the crime was clearly erroneous because it did not ask the jury to find the elements alleged in the complaint; and (3) the evidence produced at trial was insufficient to support the fleeing or attempting to elude conviction. Finding that the complaint upon which Beeney was tried did not charge the crime alleged, we reverse.

On a foggy November morning, Trooper Gardner responded to a report that a man who may have been the subject of an outstanding arrest warrant was in the parking lot of the Tortilla King plant occupying a bluish-silver Ford Taurus with Vermont license plates. The trooper, in full uniform and operating a marked Kansas Highway Patrol vehicle, drove through the plant parking lot. The trooper parked and exited the patrol vehicle, proceeding afoot to look at some vehicles which were backed into parking spaces.

The trooper spotted a silver vehicle with Vermont tags, which from approximately three car lengths away appeared to be a Taurus. The trooper thought the car was unoccupied, but as he walked towards the vehicle a person sat up into the driver's seat as if the person had been lying on the passenger side. The person, later identified as Beeney, started the vehicle and slowly left the parking space. As the trooper walked between vehicles, he raised his hands and told Beeney to "stop the vehicle." The trooper would testify that he made eye contact with Beeney when he motioned his hands and gave his verbal command to stop.

The vehicle accelerated, drove past the trooper and the patrol car, and exited the parking lot. The trooper observed the vehicle's direction of travel and heard aggressive acceleration. By the time the trooper returned to his patrol car, activated its lights and sirens, and proceeded onto the street, Beeney's car was out of sight. The foggy conditions had produced extremely limited visibility.

In short order, the trooper found the vehicle, abandoned and damaged. The physical evidence led the trooper to believe that the vehicle had gone into the ditch and rolled. A search for the driver, by foot and by helicopter, was unsuccessful. Subsequent investigation disclosed Beeney's identity, and he was located in custody in Harvey County.

Because Beeney was serving another sentence at the Lansing Correctional Facility, prosecution of this case was delayed for over a year. Following a preliminary hearing, the State amended the complaint. At trial, Beeney admitted being in the vehicle, but alleged that he was not the driver. After his conviction, Beeney did not file any posttrial motions.

## THE COMPLAINT

The amended complaint upon which Beeney went to trial was worded as follows:

"That on or about the 16th day of November, 2001, the above named defendant, within McPherson County, Kansas, did then and there contrary to the statutes of the State of Kansas unlawfully, feloniously and willfully flee or attempt to elude a *uniformed law enforcement officer* when given visual or audible signals to bring the vehicle to a stop and is involved in a motor vehicle accident during the pursuit,

contrary to K.S.A. 8-1568(b), a Severity Level 9, Person Felony, 5-17 mos. (Felony Flee & Elude)." (Emphasis added.)

Originally, the complaint alleged that Beeney fled or attempted to elude a "pursuing police vehicle." That language was replaced with "uniformed law enforcement officer" upon the State's unopposed motion at preliminary hearing.

Beeney points to a number of omissions in the complaint which he contends renders it fatally defective. However, we will focus on the contention that fleeing or attempting to elude a uniformed law enforcement officer is not a crime proscribed by K.S.A. 8-1568.

The sufficiency of a charging document to confer jurisdiction is a question of law over which an appellate court has unlimited review. *State v. Hooker*, 271 Kan. 52, 60, 21 P.3d 964 (2001). However, the test for determining complaint sufficiency depends upon when the issue was first raised. *State v. Hall*, 246 Kan. 728, 764-65, 793 P.2d 737 (1990), *overruled in part Ferguson v. State*, 276 Kan. 428, 444, 78 P.3d 40 (2003) (extending post-*Hall* common sense rule to collateral attack cases). Defective complaint issues raised for the first time on appeal are subject to a common sense approach. The complaint or information is reviewed as a whole, interpreted to include facts which are necessarily implied, and construed liberally in favor of validity. *Hall*, 246 Kan. at 764.

Nevertheless, a defective complaint challenge will prevail, if the claimed defect has

"(a) prejudiced the defendant in the preparation of his or her defense; (b) impaired in any way defendant's ability to plead the conviction in any subsequent prosecution; or (c) limited in any way defendant's substantial rights to a fair trial under the guarantees of the Sixth Amendment to the United States Constitution and the Kansas Constitution Bill of Rights, § 10." *Hall*, 246 Kan. at 765.

Here, Beeney did not move for an arrest of judgment and raises his defective complaint claim for the first time on appeal. However, he argues that the defect prejudiced the preparation of his defense and limited his constitutional rights. We agree.

The Sixth Amendment to the United States Constitution gives an accused the right to "be informed of the nature and cause of the accusation"; the Kansas Constitution Bill of Rights, § 10 man-

dates that "the accused shall be allowed . . . to demand the nature and cause of the accusation against him." Statutorily, the complaint "shall be a plain and concise written statement of the essential facts constituting the crime charged, which complaint, information or indictment, drawn in the language of the statute, shall be deemed sufficient." K.S.A. 2004 Supp. 22-3201(b).

Here, the complaint was not drawn in the language of the statute, which reads in pertinent part:

"(a) Any driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop, or who otherwise flees or attempts to elude *a pursuing police vehicle or police bicycle*, when given visual or audible signal to bring the vehicle to a stop, shall be guilty as provided by subsection (c)(1), (2) or (3). The signal given by the police officer may be by hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying such officer's badge of office, *and the officer's vehicle or bicycle shall be appropriately marked showing it to be an official police vehicle or police bicycle.*" (Emphasis added.) K.S.A. 8-1568(a).

The complaint alleged that Beeney fled or attempted to elude a *uniformed law enforcement officer*, not a *pursuing police vehicle or police bicycle*. Thus, the complaint informed Beeney that the nature and cause of the accusation against him was his failure to stop his vehicle in response to Trooper Gardner's visual or audible signal to stop, while the trooper was afoot and the patrol car was parked and unoccupied. Indeed, in its brief, the State argues "that the crime of fleeing and eluding was complete when the Defendant failed to stop for Trooper Gardner when he raised his hands and ordered the Defendant to stop his motor vehicle but he fled from the scene."

At the time the State alleges the crime was complete, the trooper was not in a pursuing police vehicle or bicycle. However, the State presented evidence that the trooper did give chase in a pursuing patrol car with emergency equipment activated, albeit after Beeney's vehicle was no longer visible in the fog. Therefore, if the crime of fleeing or attempting to elude does not encompass the disobeyance of a uniformed law enforcement officer who is not in a pursuing police vehicle or bicycle, then Beeney was denied his constitutional right to be advised of the charge against him and was

prejudiced in the preparation of his defense. His conviction cannot be saved, even if a reasonable jury could have inferred that, later in the sequence of events, Beeney was fleeing or attempting to elude Trooper Gardner's pursuing patrol car. *Cf. Roach v. State*, 27 Kan. App. 2d 561, 566, 7 P.3d 319, *rev. denied* 270 Kan. 899 (2000) ("A conviction based on an information that does not charge the crime for which the accused is convicted is void, and such a fundamental defect may be raised at any time.").

Our analysis then turns to whether K.S.A. 8-1568 prohibits fleeing or attempting to elude a uniformed law enforcement officer who is not in a pursuing police vehicle or bicycle. Our interpretation rules are well established.

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citation omitted.]" *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

In stating the crime, the statute plainly relates the fleeing or eluding to a pursuing police vehicle or police bicycle. The statute further requires that "[t]he officer giving such signal shall be in uniform, prominently displaying such officer's badge of office, *and* the officer's vehicle or bicycle shall be appropriately marked showing it to be an official police vehicle or police bicycle." (Emphasis added.) K.S.A. 8-1568. The conjunction "and" indicates that the legislature contemplated that the crime would involve *both* a uniformed law enforcement officer and a marked police vehicle.

The "police bicycle" language was added to the statute in 1996. L. 1996, ch. 180, sec. 2. Such an amendment would appear unnecessary if the legislature believed that disobeying a stop order from a uniformed law enforcement officer, without more, violated the statute.

The committee that develops our state's pattern jury instructions has determined that a pursuing vehicle or bicycle is a required element of the crime. One of the claims that the jury must find, beyond a reasonable doubt, is "[t]hat the defendant intentionally failed or refused to bring the motor vehicle to a stop, or otherwise

fled or attempted to elude *a pursuing police (vehicle) (bicycle).*" (Emphasis added.) PIK Crim. 3d 70.09 (1998 Supp.).

"The gist of the proscribed conduct is a driver's failure to stop his motor vehicle after having been signaled to stop by a police officer *in a police vehicle* or attempting to elude *the police vehicle.*" (Emphasis added.) *State v. Russell,* 229 Kan. 124, 126, 622 P.2d 658 (1981). One perceives that the crime of fleeing or attempting to elude is intended to promote public safety by punishing anyone who instigates or refuses to terminate a police *vehicle* chase. Indeed, the statute is part of the uniform act regulating traffic and is specifically designated as a serious traffic offense. On the other hand, our criminal code provides a means to coerce obeyance of an officer on foot who is discharging any official duty. See K.S.A. 21-3808, Obstructing legal process or official duty. Therefore, our interpretation of K.S.A. 8-1568 is reasonable and sensible and effects the legislature's design and intent.

In summary, we hold that an essential element of the crime of fleeing or attempting to elude, K.S.A. 8-1568, is that the uniformed law enforcement officer must be occupying an appropriately marked police vehicle or police bicycle when the visual or audible signal to stop is given to a motor vehicle driver. The complaint against Beeney did not allege that he fled or attempted to elude a pursuing police vehicle or police bicycle. The complaint did not adequately inform Beeney of the nature and cause of the accusation against him and prejudiced his ability to prepare his defense. Beeney's conviction for fleeing or attempting to elude, in violation of K.S.A. 8-1568 must be reversed. We need not address the other issues raised by Beeney.

Reversed.