**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 18 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

THOMAS WOODBERRY,

     Petitioner-Appellant,

v.

LOUIS E. BRUCE, Warden;
ATTORNEY GENERAL OF THE
STATE OF KANSAS,

     Respondents-Appellees.

No. 01-3011
(D. Kan.)
(D.Ct. Nos. 00-CV-3394-DES
& 00-CV-3407-DES)

_____

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.


     After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

     [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Thomas Woodberry, a state inmate appearing *pro se*, appeals the district court's decision denying his habeas petitions filed pursuant to 28 U.S.C. § 2254. The district court in a May 10, 2001 order denied his timely motion under Fed. R. Civ. P. 59(e) for reconsideration. We grant Mr. Woodberry's request for a certificate of appealability and affirm the district court's decision in part, and vacate and remand in part for reconsideration by the district court.

Mr. Woodberry filed two separate federal habeas petitions under § 2254 requesting relief relating to his Kansas state sentences from 1979, 1984 and 1993 convictions. Essentially, Mr. Woodberry raised contentions concerning application of various Kansas statutes to his criminal history and consecutive sentences for the purpose of discharging, modifying, or converting his sentences. In addition, in one of his petitions, Mr. Woodberry raised an ineffective assistance of counsel claim related to these sentencing claims, alleging his trial attorney performed ineffectively regarding his 1993 conviction and sentence because she failed to advise Mr. Woodberry "his sentence could continue indefinitely" under such Kansas statutes. Finally, in his other petition, Mr. Woodberry claimed ineffective assistance of counsel regarding his 1979 conviction and sentence, claiming his trial attorney: 1) failed to request separate trials for crimes committed on different dates and under circumstances; 2) told

him he should forget his appeal and then withdrew from his case; 3) failed to adequately object to witnesses who could not positively identify him; 4) failed to "properly defend [him] due to his conduct after the verdict" or represent him "to the best of [the] attorney's experience because [he] was convicted without a weapon, no creditable witnesses or any other evidence linking [him] to any of the crimes." Mr. Woodberry also alleged his attorney failed to demand a jury of his peers.

The district court consolidated the two petitions and issued an Order denying the petitions for failure to state a federal claim. Specifically, the district court found Mr. Woodberry's claim concerning the application of Kansas law to his sentences challenged the application of state law. In denying Mr. Woodberry's petitions, the district court held state law errors are not grounds for federal habeas relief. In so doing, the district court did not address any of Mr. Woodberry's ineffective assistance of counsel claims.

On appeal, Mr. Woodberry renews his claims relating to various Kansas sentencing statutes, and repeats his ineffective assistance of counsel claim regarding his attorney's alleged failure to advise him in 1993 that his sentence could continue indefinitely under those statutes. Mr. Woodberry also repeats his

other ineffective assistance of counsel claims raised in his petitions, and raises a claim that his attorney failed to insist on a jury of his peers resulting in a "non black" jury.

We review the district court's legal conclusions *de novo. See Rogers v. Gibson*, 173 F.3d 1278, 1282 (10th Cir. 1999), *cert. denied*, 528 U.S. 1120 (2000). In applying this standard, we have reviewed the entire record and agree with the district court's analysis of the issues concerning Mr. Woodberry's sentencing claims. It is clear Mr. Woodberry is challenging his sentences based on application of state law. As the district court stated, state law errors are not grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

However, in light of the district court's failure either to address the specific issues raised by Mr. Woodberry concerning his ineffective assistance of counsel claims, or to ascertain if he exhausted those claims, we feel compelled to remand for a determination on those issues.

For these reasons, we grant Mr. Woodberry's request for a certificate of appealability, **AFFIRM** the district court's decision in part, and **VACATE** and

**REMAND** the district court's decision in part for a determination consistent with this Order and Judgment. For failure to show good cause, we further deny Mr. Woodberry's "Certification of Questions of State Laws" and supporting memorandum.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge