**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

THOMAS WOODBERRY,

      Petitioner - Appellant,

v.

LOUIS E. BRUCE, Warden; THE
STATE OF KANSAS; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

      Respondents - Appellees.

Nos. 04-3456, 04-3457
(D.C. Nos. 00-3407-SAC,
00-3394-SAC)
(D. Kan.)

---

**ORDER**

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

In these cases, Petitioner-Appellant Thomas Woodberry appeals[1] the district court's decision denying him habeas relief, see 28 U.S.C. § 2254, from his 1979 Kansas convictions on three counts of aggravated robbery and one count of aggravated battery; and his 1993 Kansas conviction for conspiring to commit aggravated robbery. (R., No. 04-3456, doc. 20.) Woodberry argues that his defense attorney in the 1979 case was ineffective for failing to have the State try

---

[1] The district court granted Woodberry leave to proceed in forma pauperis (R., No. 04-3456, doc. 27 at 4; R., No. 04-3457, doc. 75 at 4.). See 28 U.S.C. § 1915.

him separately on each of the four counts he faced, inadequately representing him at trial,[2] and abandoning him on direct appeal (R., No. 04-3456, doc. 1 at 6-6a); and his defense attorney in the 1993 case was ineffective for failing to advise Woodberry, before he pled guilty, that his sentence would run consecutively to his prior sentences and would not be calculated under the Kansas sentencing guidelines.[3] (R., No. 04-3457, doc. 1 at 6a)  The district court denied relief, holding, in part, that Woodberry had procedurally defaulted his claims challenging his 1979 convictions, and that his claims challenging his 1993

---

[2]  Woodberry specifically argues that his trial counsel failed to obtain separate trials for each count; to seat a jury of Woodberry's peers; to object to government witnesses' identification testimony; to defend Woodberry properly, "due to his conduct after the verdict;" and to defend Woodberry to the best of the attorney's ability, because Woodberry was convicted without the Government's presenting sufficient evidence of his guilt. (R., No. 04-3456, doc. 1 at 6-6e; doc. 19 at 6-8.)

[3]  These appeals stem from two habeas petitions Woodberry filed in 2000. (R., No. 04-3456, doc. 1; R., No. 04-3457, doc. 1.)  In those petitions, Woodberry, in addition to asserting his ineffective-assistance claims, argued his 1979 sentence had expired, his remaining sentences should be converted to sentences under the Kansas sentencing guidelines and, according to those guidelines, he was entitled to be released.  (R., No. 04-3456, doc 1. at 6 to 6e; R., No. 04-3457, doc. 1 at 6-6f.)  The district court consolidated these cases and denied Woodberry relief on his sentencing claims.  (R., No. 04-3457, doc. 3.)  This court affirmed that decision, but remanded Woodberry's ineffective-assistance claims for the district court to consider.  See Woodberry v. Bruce, 13 Fed. Appx. 780, 782 (10th Cir. June 18, 2001) (unpublished) (also found at R., No. 04-3457, doc. 12.).  These current appeals stem from those remand proceedings and concern only Woodberry's ineffective-assistance claims.

conviction did not warrant habeas relief.  (R., No. 04-3457, doc. 70.)  Woodberry appeals.

To pursue these appeals, Woodberry must first obtain a certificate of appealability (COA).  See 28 U.S.C. § 2253(c)(1).  To be entitled to a COA, Woodberry must make a "substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  To make this showing, he must establish that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted).  For the claims the district court deemed procedurally defaulted, Woodberry must make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," Slack, 529 U.S. at 478, 484 (quotation omitted).  Woodberry has failed to make the requisite showing in these cases.  Therefore, for substantially the reasons stated by the district court, we DENY Woodberry a COA and DISMISS both appeals.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 3 -