**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS WOODBERRY,

          Petitioner-Appellant,

v.

LOUIS E. BRUCE, Warden;
ATTORNEY GENERAL OF
KANSAS,

          Respondent-Appellee.

No. 05-3289

(D. of Kan.)

(D.C. No. 00-CV-3394-SAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **EBEL**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

---

      Petitioner-Appellant Thomas Woodberry, a state prisoner appearing pro se, is a frequent filer in both the state and federal courts. This appeal stems from the district court's denial of Woodberry's habeas corpus petition filed pursuant to 28 U.S.C. § 2254, for which we subsequently denied a certificate of appealability

---

     [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

     [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

(COA). The Supreme Court dismissed his petition for a writ of certiorari. *Woodberry v. Bruce*, No. 04-3456, 04-3457, 2005 WL 469608 (10th Cir. March 1, 2005) (unpublished), *cert. dismissed*, 125 S. Ct. 2552 (2005).

After these unsuccessful appeals, Woodberry filed in the district court a motion for relief from judgment under Fed. R. Civ. Proc. 60(b), claiming the court erred in previously dismissing his case on procedural grounds. The district court denied the motion, holding that no legal basis existed to grant him additional review of a rejected claim already upheld on appeal by this court and denied certiorari review by the Supreme Court.

As the Supreme Court recently held, a Rule 60(b) motion is appropriate when it alleges a "defect in the integrity of the federal habeas proceedings" under § 2254. *Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648 (2005). Liberally construing Woodberry's claim to assert such a defect, Woodberry needs a COA to proceed. *Id.* at 2650 n.7. A COA may issue only if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Woodberry's claims, since they already have been rejected on appeal by this court and denied certiorari by the Supreme Court, do not make this showing.

*Bruce*, 2005 WL 469608, at \*1.  We also note that Woodberry's new claims, as stated by the district court, are not only meritless, but legally frivolous.

Accordingly, we deny Woodberry's motion to proceed in forma pauperis, deny COA, and dismiss the appeal.  We further caution Mr. Woodberry that he must seek leave of the district court before submitting any additional pleadings in this action.

Entered for the court

Timothy M. Tymkovich
Circuit Judge