**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THOMAS WOODBERRY,

       Petitioner-Appellant,

  v.

LOUIS E. BRUCE, Warden; STATE
OF KANSAS,

       Respondents-Appellees.

No. 05-3291
(D.C. No. 00-CV-3407-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,[**] District Judge.

Mr. Woodberry is a "frequent filer" in both the state and federal courts. Here, he appeals from the district court's denial of his Fed. R. Civ. P. 60(b) motion, filed in his 28 U.S.C. § 2254 habeas case.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

**Factual and Procedural History**

In 1979, Mr. Woodberry was convicted in state court of three counts of aggravated robbery and one count of aggravated battery. The Kansas Supreme Court affirmed his conviction and sentence. In 1984, he was convicted of aggravated battery, committed while on parole from his previous sentence. The sentence for this offense was made to run consecutive to his previous sentence. The Kansas Court of Appeals affirmed his 1984 conviction. In 1993, Mr. Woodberry pled guilty to one count of conspiracy to commit aggravated robbery, and one count of misdemeanor theft. His state court sentence for these offenses was made to run concurrently to his two prior sentences.

Mr. Woodberry filed multiple state motions for post-conviction relief. These were denied, or dismissed without opinion. Mr. Woodberry then filed two separate federal habeas corpus petitions, challenging the application of Kansas statutes to his criminal history and to his 1979 and 1993 consecutive sentences, and contending that his counsel had been ineffective by failing to advise him of the effect of the statutes on the length of his sentences. The district court denied the petitions and also denied his Fed. R. Civ. P. 59(e) motion for reconsideration. Mr. Woodberry appealed. We granted a certificate of appealability (COA), affirmed in part, and remanded for further consideration of his ineffective assistance of counsel claims. *Woodberry v. Bruce*, 13 F. App'x 780 (10th Cir. 2001).

The district court thereafter stayed the case to permit Mr. Woodberry to exhaust his ineffective assistance claims in state court. In two separate decisions, the Kansas Court of Appeals rejected the ineffective assistance claims, finding them procedurally barred, barred by laches, and/or lacking in merit. *See Woodberry v. State*, 101 P.3d 727 (Kan. Ct. App. 2004); *Woodberry v. State*, No. 89, 193, 2003 WL 22990144 (Kan. Ct. App. Dec. 19, 2003). The Kansas Supreme Court denied review.

On June 10, 2004, the federal district court lifted its order staying proceedings for exhaustion purposes and proceeded to adjudicate Mr. Woodberry's ineffective assistance claims.[1] In an order dated November 9, 2004, the habeas court (1) upheld the state court's application of procedural bar to his ineffective assistance of counsel claim regarding his 1979 criminal case and his claims regarding his 1993 criminal case; (2) upheld the state court's conclusion that those claims were without merit; and (3) denied habeas relief and dismissed Mr. Woodberry's petition.

On March 1, 2005, this court denied COA for Mr. Woodberry's appeal from the district court's order of November 9, 2004 and dismissed his appeal. *Woodberry v. Bruce*, 124 F. App'x 623 (10th Cir. Mar. 1, 2005), *cert. dismissed*,

---

[1] In the meantime, Mr. Woodberry filed another habeas petition, raising essentially the same issues with respect to his 1984 conviction. We affirmed the judgment of the district court denying relief. *Woodberry v. Hannigan*, 37 F. App'x 404 (10th Cir. 2002).

125 S. Ct. 2552 (2005). On June 15, 2005, Mr. Woodberry filed in district court his "Motion To Vacate Judgement (Fraud Upon the Court) 'Pursuant To Rule 60(b)'." This filing attacked both the disposition of Mr. Woodberry's claims in state court and the habeas court's application of procedural bar. As a basis for his contention of "fraud on the [habeas] court," Mr. Woodberry asserted that the state had fraudulently misrepresented that procedural bar applied to his case, because the Kansas courts do not uniformly apply the procedural bar to which his state court applications were subjected. He also asserted that the state had engaged in fraud by entering unspecified evidence it knew to be fraudulent into his federal habeas proceedings.

On July 7, 2005, the district court denied Mr. Woodberry's Rule 60(b) motion, reasoning that such motions are not to be used simply to reiterate arguments previously made; that the Tenth Circuit had already upheld the dismissal on procedural grounds of Mr. Woodberry's petition; and that the motion presented "no legal basis to grant additional review." *Id.*, doc. 40, at 2. The district court further ordered Mr. Woodberry to seek permission before filing any further pleadings in the case. Mr. Woodberry appealed from the district court's July 7, 2005 order.

## Analysis

Mr. Woodberry raised four claims in his Rule 60(b) motion. He first contended that he was wrongfully denied a COA to appeal from the district

court's November 9, 2004, order. Second, he argued that the state courts and the federal district court improperly applied procedural bar to his claims. Third, he asserted that "fraudulent evidence" was presented in the habeas proceedings. Finally, he contended that the district court should have granted him an evidentiary hearing on his claims.

Under our procedure for evaluating an appeal from the denial of a Rule 60(b) motion in a habeas case, we first ask whether the claims asserted in the motion are "true" 60(b) claims, or are second or successive habeas claims. *See Spitznas v. Boone*, No. 05-6236, 2006 WL 2789868, at *1 (10th Cir. Sept. 29, 2006). If the claims are true 60(b) claims, we review the district court's decision as we do any other case involving the denial of Rule 60(b) relief. *See id.* at *1 - *2. If the claims are second or successive habeas claims, however, then we cannot review the district court's decision on the merits, because the district court lacked jurisdiction to rule on them, and should have transferred them to this court for authorization under 28 U.S.C. § 2244(b). *See id.* at *2

**1. COA claim**

Both the district court and this court denied Mr. Woodberry a COA to appeal from the district court's order of November 9, 2004, denying his habeas petition. In his Rule 60(b) motion, he challenged these decisions on his requests for COA, contending that he should have been granted a COA to appeal from the district court's order. The issue of whether this issue represents a second habeas

petition or a true 60(b) claim is a difficult one. Since the district court denied relief in its underlying order on procedural grounds, to obtain a COA to appeal that denial, Mr. Woodberry had to show *both* that the district court's ruling upholding the procedural bar was debatable among jurists, and that the issue of whether the underlying claims had merit was also debatable among jurists. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Woodberry in fact argued both that he should have received a COA on the procedural bar issue, *and* that his underlying claims had merit. His attack on the denial of a COA on the procedural bar issue represents a "true" Rule 60(b) claim, for which authorization is not required. *See Gonzalez v. Crosby*, 125 S. Ct. 2641, 2648 n.4 (2005). His contention that his underlying habeas claims had merit sufficient to justify the issuance of a COA, however, could be viewed as the reassertion of his habeas claims, which would be barred under 28 U.S.C. § 2244(b).

Fortunately, we need not untangle this problem, because a threshold, jurisdictional issue bars this claim in any event. Mr. Woodberry's attack on the district court's denial of COA was mooted by our denial of COA on the same claims and our dismissal of his prior appeal. A controversy becomes moot when a court can no longer grant any effective relief. *Osborn v. Durant Bank & Trust Co. (In re Osborn)*, 24 F.3d 1199, 1203 (10th Cir. 1994). The COA statute permits a petitioner to address his arguments in favor of a COA to the court of appeals, irrespective of a denial in the district court. 28 U.S.C. § 2253(c).

Mr. Woodberry did so, this court considered his arguments, and it denied COA and dismissed his appeal. This denial and dismissal divested the district court of any power to grant further, effective relief in the form of granting him a COA as to the issues he previously appealed and lost on. The district court should therefore have dismissed this Rule 60(b) claim as moot.

### 2. Procedural default

Mr. Woodberry's claim that procedural default was inappropriate represents a "true" ground for Rule 60(b) relief, because it asserts only that the district court's ruling that precluded a determination on the merits (due to state procedural bar) was in error. *See Gonzalez*, 125 S. Ct. at 2648 n.4. Mr. Woodberry must obtain a COA to appeal the district court's denial of this claim.

The Kansas Court of Appeals noted that Mr. Woodberry had filed *several* previous petitions for post-conviction relief and had failed to show exceptional circumstances that would justify his attempt to raise, in yet another such application, twenty-five years after the fact, his claims of ineffective assistance of counsel. *Woodberry*, 101 P.3d at 174-75. The district court relied on this procedural bar to bar his claims in the habeas proceeding. Mr. Woodberry fails to present any argument that would raise a debatable issue concerning whether the district court's ruling upholding the procedural bar applied by the Kansas state

courts was correct.  We therefore deny COA on this claim.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### 3.  "Fraudulent evidence" claim

Mr. Woodberry also raised a claim that "fraudulent" evidence was presented at his habeas proceedings.  He failed to specify what this fraudulent evidence consisted of.  Assuming that his allegations of fraud related only to the federal habeas court proceedings, and were separate and distinct from a claim of fraud in the state court proceedings, this claim would present a true 60(b) claim.  *See Spitznas*, 2006 WL 2789868, at *2.  Nevertheless, Mr. Woodberry does not meet the standard for obtaining the required COA as to this claim, because he fails to specify what evidence was fraudulent and instead makes only conclusory allegations.  Assuming, alternatively, that he raised a claim of fraud the disposition of which would be inextricably intertwined with the merits of his habeas petition, such a claim would constitute a second or successive habeas petition, which we deny him relief to file, because he failed to meet the standards described in 28 U.S.C. § 2244 for filing such a claim.

### 4.  Evidentiary hearing claim

Mr. Woodberry's claim that he was entitled to an evidentiary hearing, is a true 60(b) claim.  We deny him a COA on this claim, however, as he fails to show his entitlement to an evidentiary hearing under the applicable standards.

## Conclusion

For the foregoing reasons, we VACATE in part, for lack of jurisdiction, the district court's decision denying on the merits the portion of Mr. Woodberry's Rule 60(b) motion that was moot. To the extent Mr. Woodberry presented allegations of fraud that were intertwined with the merits of his habeas claims, we VACATE the district court's decision denying such claims and DENY Mr. Woodberry leave to file a second or successive habeas petition raising such claims, and we thus DISMISS the portion of his Rule 60(b) motion properly deemed a second or successive petition. We DENY Mr. Woodberry's request for a COA to appeal the district court's decision denying on the merits the portion of his Rule 60(b) motion challenging the habeas court's procedural disposition of his § 2254 claims, defects in the integrity of the habeas corpus proceedings, and the denial of an evidentiary hearing, which constitute true Rule 60(b) issues; and we thus DISMISS that portion of his appeal. Mr. Woodberry's request to proceed on appeal *in forma pauperis* is granted.

Entered for the Court

David M. Ebel
Circuit Judge