**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HENRY C. FLOWERS, JR.,

      Petitioner-Appellant,

v.

ERIC FRANKLIN,

      Respondent-Appellee.

No. 06-6300

(D.C. No. CIV-05-837-C)
(W. D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY***

---

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

---

Henry Flowers, an Oklahoma state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. § 2254

petition for federal habeas relief.  Because Flowers has failed to satisfy the standards for the

issuance of a COA, we deny his request and dismiss the matter.

I.

In August of 2002, Flowers was convicted in the Oklahoma County District Court of

making a false declaration of ownership to a pawnbroker, after former conviction of two or

---

*This order is not binding precedent except under the doctrines of law of the case,
res judicata and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1,
2007).

more felonies, in violation of Okla. Stat. tit. 59 § 1512(c)(2). Flowers was subsequently sentenced to twenty years' imprisonment for that conviction and the trial court ordered that his sentence be served consecutively to a sentence imposed in another, unrelated case. On direct appeal, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Flowers' conviction, but remanded the case to the trial court for resentencing because the record on appeal indicated that the trial court was unsure whether it had the authority to run Flowers' sentence concurrently with his previously imposed sentence. The trial court, on remand, again ordered the twenty-year sentence to run consecutively to the previously imposed sentence. Flowers did not appeal from the resentencing. He did, however, file an unsuccessful application for state post-conviction relief.

On July 22, 2005, Flowers filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Flowers alleged that: (1) the evidence presented at trial was insufficient to support his conviction; and (2) the trial court abused its discretion by failing to run his sentence concurrently with the previously imposed sentence. On July 11, 2006, the magistrate judge assigned to the case issued a report and recommendation recommending that Flowers' petition be denied. The district court adopted that recommendation on August 31, 2006, and denied Flowers' petition. The district court subsequently denied Flowers' request for a COA. Flowers has since filed an application for COA with this court.

II.

Before a state prisoner may appeal from the final order in a § 2254 habeas corpus

2

proceeding, he must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

In conducting our COA analysis, we are obligated to take into account the deferential standards of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA dictates that when a state prisoner's claims were adjudicated on the merits in state court proceedings, federal habeas relief may be granted only where the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Applying these standards to Flowers' case, we conclude he is not entitled to a COA. In rejecting Flowers' insufficiency of evidence claim, the magistrate judge noted that it turned exclusively on an issue of Oklahoma law, i.e., whether the Oklahoma Pawnshop Act required that the individual to whom Flowers made his written declaration of ownership had to be licensed as a pawnbroker. The magistrate judge further noted that the OCCA had resolved that issue against Flowers on direct appeal (concluding that there was sufficient evidence to support a conviction under the Act if the false declaration was made to an

3

employee of a licensed pawnbroker) and the OCCA's decision was therefore binding on the federal district court. That conclusion is not subject to reasonable dispute, and thus Flowers is not entitled to a COA with respect to his sufficiency of the evidence claim. See Chapman v. LeMaster, 302 F.3d 1189, 1196 (10th Cir. 2002) ("On habeas review, . . . the [state] courts' interpretation of the state . . . statute is a matter of state law binding on this court."). As for Flowers' challenge to his sentence, the magistrate judge concluded that, to the extent Flowers was arguing the trial court mistakenly concluded it lacked authority to run the sentence concurrently with one previously imposed, that argument was moot because it had been successfully raised by Flowers on direct appeal. The magistrate judge further concluded that, to the extent Flowers was simply challenging the trial court's decision to run his sentence consecutively to the one previously imposed, that claim did not provide a basis for granting federal habeas relief. More specifically, the magistrate judge noted that the sentence imposed by the trial court was within the statutory range of punishment (and indeed was the minimum sentence available under Oklahoma's habitual offender statute) and that the decision to run the sentence consecutively was in accordance with Oklahoma law. Again, this conclusion is not subject to reasonable dispute, and thus a COA is not warranted. See Woodberry v. Hannigan, 37 Fed. Appx. 404, 406 (10th Cir. 2002) ("It is well established that courts may constitutionally impose consecutive sentences for completely distinct and separate offenses.").

4

The request for a COA is DENIED, Flowers' motion to proceed in forma pauperis on appeal is DENIED, and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge