**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 18, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OLOYEA D. WALLIN, a/k/a
Donald Oloyea Wallin, a/k/a
Oloyea Wallin,

      Petitioner - Appellant,

v.

MICHAEL MILLER, Warden of
Crowley County Correctional
Facility; CYNTHIA H. COFFMAN,
The Attorney General of the State
of Colorado,

      Respondents - Appellees.

No. 15-1301
(D.C. No. 1:14-CV-01968-MSK)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Mr. Oloyea Wallin was convicted of second-degree assault in

Colorado state court. After unsuccessfully challenging his conviction in

---

[*]    We do not believe that oral argument would materially aid us in deciding this appeal. As a result, our decision is based on the briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

state court, he filed two federal habeas petitions. The district court rejected all of the claims asserted in both petitions.

We granted Mr. Wallin a certificate of appealability for five of his claims. These claims allege

1.    error in allowing expert testimony on domestic violence,

2.    prosecutorial misconduct,

3.    error in allowing the prosecution to use the victim's confidential medical information,

4.    error in allowing use of the victim's involuntary statements, and

5.    abuse of subpoena power.

The Colorado Court of Appeals declined to consider these claims; the federal district court subsequently considered them procedurally barred and refused to consider them. We now conclude that the federal district court was right about the first two claims but wrong about the last three. Therefore, we reverse the district court's dismissal of the last three claims.

## I.    Mr. Wallin procedurally defaulted the first two claims.

Mr. Wallin procedurally defaulted his claims alleging (1) error in allowing expert testimony on domestic violence and (2) prosecutorial misconduct.

First, in state court, Mr. Wallin challenged the introduction of expert testimony on domestic violence. But he based this claim on state law rather than the U.S. Constitution. Here, he relies solely on the U.S. Constitution. Because the constitutional challenge is new, it is unexhausted. *Duncan v. Henry*, 513 U.S. 364, 366 (1996) (per curiam).

But if Mr. Wallin were to return to state court and assert a constitutional challenge to the introduction of expert testimony, the state court would be required to deny the claim because Mr. Wallin could have asserted it either in the direct appeal or one of the two rounds of post-conviction proceedings. Colo. R. Crim. P. 35(c)(3)(VII); *see People v. Hubbard*, 519 P.2d 945, 948-49 (Colo. 1974). Because the state court would deny the claim on procedural grounds, we apply an anticipatory procedural bar. *See Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007).

Second, Mr. Wallin alleged prosecutorial misconduct in state court. This claim was based on the prosecutor's use of victim testimony that the prosecutor allegedly knew was false and coerced. R. at 269. In light of Mr. Wallin's allegations, the Colorado Court of Appeals apparently disposed of the claim differently as to the effect on Mr. Wallin and the effect on the victim. The court concluded that Mr. Wallin could not reassert a violation of the victim's rights because he had already done

that unsuccessfully in earlier proceedings, and Mr. Wallin could not assert a violation of his own rights because that claim could have been presented on direct appeal but was not. *Id.* at 60. As a result, the Colorado Court of Appeals declined to consider the entirety of Mr. Wallin's prosecutorial misconduct claim.

In the present habeas claim, Mr. Wallin appears to allege prosecutorial misconduct only with respect to his own rights, not the victim's. The Colorado Court of Appeals declined to consider these allegations because they could have been presented earlier. Colo. R. Crim. P. 35(c)(3)(VII). In light of this reasoning, the federal district court correctly concluded that the prosecutorial misconduct claim was subject to procedural default. *See Rea v. Suthers*, 402 F. App'x 329, 331 (10th Cir. 2010) (unpublished) (stating that Colorado Rule of Criminal Procedure 35 is an independent and adequate state procedural ground to bar federal habeas relief); *Williams v. Broaddus*, 331 F. App'x 560, 563 (10th Cir. 2009) (unpublished) (same).

To overcome procedural default on these two claims, Mr. Wallin must show (1) "cause" for failing to comply with the state procedural requirement and "prejudice" from the state court's refusal to consider the merits or (2) a fundamental miscarriage of justice based on proof of

actual innocence. *Frost v. Pryor*, 749 F.3d 1212, 1231-32 (10th Cir. 2014). But Mr. Wallin has not attempted to make either showing.

Accordingly, the district court properly dismissed Mr. Wallin's claims involving (1) introduction of expert testimony on domestic violence and (2) prosecutorial misconduct.

## II. Mr. Wallin did not procedurally default his three remaining habeas claims.

According to Mr. Wallin, he did not procedurally default his claims involving (1) error in allowing the prosecution to use the victim's confidential medical information, (2) error in allowing use of the victim's involuntary statements, or (3) abuse of subpoena power. We agree.

Mr. Wallin asserted these claims in two rounds of state post-conviction proceedings. In the second round of state post-conviction proceedings, Mr. Wallin framed these claims as federal constitutional violations of the rights to due process, a fair trial, equal protection, and the First and Fourth Amendments. *See* R. at 271, 284-85, 287 (victim's confidential medical information); *id.* at 197-98, 210-17, 219-20 (victim's involuntary statements); *id.* at 293-94, 297-302, 305-06 (abuse of subpoena power). According to the respondents, Mr. Wallin could not successfully assert these three claims in his second post-conviction

application because the claims could have been asserted in the first post-conviction application. If the respondents are correct, we would need to focus on the reasons given by the state appeals court for declining to consider these claims. *See Cone v. Bell*, 556 U.S. 449, 466-67 (2009)[1]; *LeBere v. Abbott*, 732 F.3d 1224, 1233 (10th Cir. 2013) (holding that a federal habeas claim is not procedurally barred when the petitioner presented a constitutional claim for the first time in a state post-conviction proceeding, reasoning that the Colorado Court of Appeals had

---

[1] In *Cone v. Bell*, the issue was whether the habeas petitioner had procedurally defaulted a *Brady* claim. The state appellate court had declined to consider the merits, reasoning that the claim was presented and rejected in earlier state-court proceedings. 556 U.S. at 466-67. The Supreme Court noted that the state appellate court was wrong; the petitioner "had not presented his *Brady* claim in earlier proceedings and, consequently, the state courts had not passed on it." *Id.* at 466. Because the claim was newly presented in the state post-conviction proceeding, the State argued, the claim had been procedurally defaulted. *Id.* at 467. But the Supreme Court held that a federal court could not second-guess the state appellate court's reason for declining to consider the merits:

> When a state court declines to find that a claim has been waived by a petitioner's alleged failure to comply with state procedural rules, our respect for the state-court judgment counsels us to do the same. Although we have an independent duty to scrutinize the application of state rules that bar our review of federal claims, we have no concomitant duty to apply state procedural bars where state courts have themselves declined to do so. The [state] courts did not hold that [the petitioner] waived his *Brady* claim, and we will not second-guess their judgment.

*Id.* at 468-69 (citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002)).

mistakenly said that the claim was unreviewable because it had already been decided on direct appeal).

That court declined to consider the three claims on the ground that they had already been presented and rejected in the first round of post-conviction proceedings:

> [These claims] were premised wholly on [Mr.] Wallin's contention that the rights of the victim were violated during police questioning, and through the introduction of the fruits of that questioning. The trial court previously rejected the premise of these claims when it denied [Mr.] Wallin's motion for new trial. Specifically, the trial court concluded that the claims were without merit because they were premised on the rights of a third party rather than [Mr.] Wallin's own constitutional rights. Accordingly, the court did not err in dismissing [these] claims . . . as successive, without making additional findings of fact or law, because a ruling had already been made.

R. at 60.

A federal court cannot apply procedural default when a state court refuses to consider a claim on the ground that the claim had already been rejected in earlier proceedings. *See Cone v. Bell*, 556 U.S. 449, 467 (2009) ("When a state court refuses to readjudicate a claim on the ground that it has been previously determined, the court's decision . . . provides strong evidence that the claim has already been given full consideration by the state courts and thus is *ripe* for federal adjudication." (emphasis in original)); *Davis v. Workman*, 695 F.3d 1060, 1072 (10th Cir. 2012) ("A state court's invocation of res judicata does not . . . create a procedural bar

to relief under [28 U.S.C.] § 2254."). Indeed, the respondents agree that Mr. Wallin's habeas claims would not be procedurally barred if they had been presented in earlier state-court proceedings. Appellees' Resp. Br. at 15.

The respondents provide a different explanation for the procedural default, arguing that in the direct appeal and first round of post-conviction proceedings, Mr. Wallin failed to present a constitutional basis for the three claims. Thus, according to the respondents, the Colorado Court of Appeals could have declined to consider these claims on the ground that they had *not* been presented earlier.

But the Colorado Court of Appeals did not decline to consider these claims because Mr. Wallin had failed to present the claims earlier. Instead, the court declined to consider the claims because they had already been rejected in earlier proceedings. R. at 60. This rationale would not prevent a federal court from considering the claims, for procedural default applies when habeas petitioners fail to properly present their claims—not when the petitioners repeat their claims in successive state-court proceedings. As a result, neither the district court nor the respondents have justified the application of procedural default to the habeas claims involving (1) use of the victim's confidential medical information, (2) use of the victim's involuntary statements, or

(3) abuse of subpoena power. In the absence of a procedural default, we reverse the dismissal of these habeas claims.

## III. Disposition

We conclude that Mr. Wallin has procedurally defaulted his claims involving erroneous introduction of expert testimony and prosecutorial misconduct. Thus, we affirm the dismissal of these claims.

But Mr. Wallin has not procedurally defaulted his claims involving (1) error in allowing use of the victim's confidential medical information, (2) error in allowing use of the victim's involuntary statements, or (3) abuse of subpoena power. Accordingly, we reverse the dismissal on these claims. With the partial reversal, we remand to the district court for further proceedings consistent with this order and judgment.

Entered for the Court


Robert E. Bacharach
Circuit Judge