FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

OLOYEA D. WALLIN, aka Donald
Oloyea Wallin, aka Oloyea Wallin,

      Petitioner - Appellant,

v.

MICHAEL MILLER, Warden of Crowley
County Correctional Facility; CYNTHIA
COFFMAN,[*] Attorney General of the
State of Colorado,

      Respondent - Appellee.

No. 17-1167
(D.C. No. 1:14-CV-01968-MSK)
(D. Colorado)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[**]

---

Before **PHILLIPS**, **McKAY,** and **McHUGH**, Circuit Judges.

---

Oloyea Wallin[1] seeks a certificate of appealability ("COA") from the district

court's denial of his federal habeas petition pursuant to 28 U.S.C. § 2254. Exercising

jurisdiction under 28 U.S.C. § 1291, we deny his request and dismiss the appeal.

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), John Suthers is replaced by Cynthia
Coffman as Attorney General for the State of Colorado.

[**] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

## I.    BACKGROUND

Mr. Wallin was convicted by jury of second-degree assault in Colorado state court and sentenced to fourteen years' imprisonment. *People v. Wallin*, 167 P.3d 183, 186–87 (Colo. App. 2007). On appeal, the Colorado Court of Appeals upheld his conviction, but remanded the case for resentencing because Mr. Wallin was not represented by counsel at his sentencing hearing. *Id.* at 190–92. Mr. Wallin was resentenced to the same fourteen year term of incarceration, this time represented by counsel.

After unsuccessfully appealing his conviction and sentence in state court, Mr. Wallin filed a motion for habeas corpus relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Colorado. *See Wallin v. Miller*, No. 14-cv-01968-MSK, 2015 WL 4456093, at *2 (D. Colo. July 21, 2015), *aff'd in part, rev'd in part,* 660 F. App'x 591 (10th Cir. 2016) (unpublished). He raised twenty-one claims of error, all of which were denied by the district court. *Id.* at *1–2, 5–12. On appeal, this court granted a COA on five claims of error: (1) admitting expert testimony on domestic violence, (2) prosecutorial misconduct, (3) allowing the prosecution to use the victim's confidential medical information, (4) admitting the victim's allegedly involuntary statements, and (5) abuse of subpoena power. *Wallin v. Miller*, 660 F. App'x 591, 592 (10th Cir. 2016) (unpublished). Upon consideration, we held that the first two claims were procedurally barred, but remanded the remaining three claims to the district court for further

---

[1] Because Mr. Wallin is a pro se litigant, we construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

proceedings. *Id.* at 594. On remand, the district court denied all three claims on the merits.[2] *Wallin v. Miller*, No. 14-cv-01968-MSK, 2017 WL 1364692, at *2 (D. Colo. Apr. 14, 2017) (unpublished). Mr. Wallin now appeals.[3]

## II. DISCUSSION

Before we may exercise jurisdiction over any of Mr. Wallin's claims, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in which the detention complained of arises out of process issued by a State court. . . ."). The district court did not issue Mr. Wallin a COA and he has not specifically requested this court grant him one. However, "we construe his filing of a notice of appeal as a request for a COA." *Frost v. Pryor*, 749 F.3d 1212, 1230 (10th Cir. 2014).

"Under [the Antiterrorism and Effective Death Penalty Act], we may not issue a COA unless 'the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253). Because the district court rejected

---

[2] Despite Mr. Wallin's assertion that he received no instructions from the district court "on when or what to file," he did in fact file a Reply to Answer with the district court on January 13, 2017, addressing these claims on the merits. *See Wallin v. Miller*, No. 14-CV-01968-MSK, 2017 WL 1364692, at *1 (D. Colo. Apr. 14, 2017) (unpublished).

[3] On the same day Mr. Wallin filed his notice of appeal, he also filed a "Motion to Vacate Judgment Rule 59." *See* Order at 1, *Wallin v. Miller*, No. 14-cv-01968-MSK (D. Colo. June 5, 2017). Because Mr. Wallin submitted the motion outside the twenty-eight-day period required by Rule 59(e), the district court considered the motion under Rule 60(b). *Id.* at 2. The court denied relief, *id.*, and Mr. Wallin has not appealed the ruling.

Mr. Wallin's claims on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Wallin fails to make that showing here. Indeed, he does not claim the district court erred in its analysis on any of the three claims before it on remand. In his amended opening brief,[4] Mr. Wallin merely asserts the district court was required to hold an evidentiary hearing on the remanded claims.[5] But Mr. Wallin did not request an evidentiary hearing and this court did not order one. *See Wallin*, 660 F. App'x at 594. Even construing Mr. Wallin's pleadings liberally, he has failed to assert that "the district court's assessment of the constitutional claims [was] debatable or wrong." *See Slack*, 529 U.S. at 484. Therefore, we deny his request for a COA on these issues.[6]

---

[4] We hereby grant Mr. Wallin's motion for an additional extension to file his Amended Brief and accept the brief as filed.

[5] Mr. Wallin also briefly raised these issues in the appendix of his initial opening brief, characterizing them as "Anders" issues. However, his bare assertions were limited to arguing that the trial court erred and did not discuss the district court's findings or argue how the district court's analysis was debatable or wrong. *See Kelley v. City of Albuquerque*, 542 F.3d 802, 820 (10th Cir. 2008) ("We will not review an issue in the absence of reasoned arguments advanced by the appellant as to the grounds for its appeal.") (citation omitted).

[6] To the extent that Mr. Wallin is attempting to request an evidentiary hearing on these claims, he failed to present this request to the district court and we decline to hear it in the first instance. *See United States v. Duncan*, 242 F.3d 940, 950 (10th Cir. 2001) ("As a general rule, we do not consider an issue not presented, considered, and decided by the district court."). Furthermore, "[t]he purpose of an evidentiary hearing is to resolve conflicting evidence." *Anderson v. Atty. Gen. of Kansas*, 425 F.3d 853, 860 (10th Cir. 2005). Because Mr. Wallin has failed to raise any claim of conflicting evidence, an evidentiary hearing is unnecessary. *See id.* at 859.

Mr. Wallin also raises a variety of issues beyond the scope of the district court's decision on remand. In his initial opening brief, Mr. Wallin raises six claims of error not addressed by the district court: (1) admission of testimony from a domestic violence expert, (2) admission of a phone call from Mr. Wallin to police on the orders of his probation officer, (3) failure to appoint "conflict-free" counsel to represent him at his sentencing hearing, (4) denial of pre-sentence confinement credit, (5) permitting a prosecution witness to observe the trial proceedings prior to testifying, and (6) admission of allegedly unduly prejudicial photographs of the victim's injuries.[7]

Preliminarily, this court rejected Mr. Wallin's initial opening brief because he failed to properly serve the Colorado Attorney General. His amended brief purports to incorporate by reference his initial opening brief, but there is no evidence that the Colorado Attorney General was served with the initial brief. Therefore, it is questionable whether proper service has yet occurred. Regardless, Mr. Wallin's claims are unavailing.

Mr. Wallin presented claims 1, 2, 4, and 5 to the district court in his initial habeas petition. *See* Order to Dismiss in Part and for Answer at 4-12, *Wallin v. Miller*, No. 14-cv-01968-MSK (D. Colo. Mar. 30, 2015). The district court denied relief and did not issue a COA. *Id.* On appeal, we declined to grant a COA on claims 2 and 4 because no reasonable jurist could debate the accuracy of the trial judge's rulings. *See* Order at 5–7, 9–10, *Wallin v. Miller*, No. 15-1301 (10th Cir. May 12, 2016). We additionally refused to

---

[7] Mr. Wallin characterizes claims 5 and 6 as "Anders" issues. However, he fails to argue them as such. As noted above, he merely presents the conclusory assertion that the trial court erred.

grant a COA on claim 5 because it was procedurally barred, *id.* at 15–16, and upon further review held that claim 1 was also procedurally barred, *Wallin*, 660 F. App'x at 593. Because these claims have already been decided by this court, they are moot. *See Woodberry v. Bruce*, 203 F. App'x 186, 189 (10th Cir. 2006) (unpublished). Mr. Wallin's third claim is similarly moot because the Colorado Court of Appeals granted him relief and he was represented by counsel at his resentencing hearing.

Finally, Mr. Wallin's claim that the trial court erred by admitting unduly prejudicial photographs of the victim's injuries is waived because it was not presented to the district court. *See United States v. Porter,* 405 F.3d 1136, 1141–42 (10th Cir. 2005) ("We do not consider issues not presented to the district court, and they are deemed waived."). Mr. Wallin has made no argument as to why we should consider the claim and we decline to do so. *See Crow v. Shalala,* 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

### III.    CONCLUSION

For the reasons set forth above, we DENY Mr. Wallin's request for a COA and DISMISS the appeal. Additionally, because Mr. Wallin has failed to raise any non-frivolous grounds for appeal, we DENY his application for in forma pauperis status. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Entered for the Court

Carolyn B. McHugh
Circuit Judge