FILED
United States Court of Appeals
Tenth Circuit

November 12, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL REA,

      Petitioner–Appellant,

v.

JOHN SUTHERS, Attorney General of
the State of Colorado; and HOYT BRILL,
Warden,

      Respondents–Appellees.

No. 10-1320
(1:08-CV-01608-MSK)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Michael Rea, a state prisoner appearing pro se, seeks a certificate of appealability

("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. We

deny a COA and dismiss the appeal.

**I**

Rea was convicted in Colorado state court of sexual assault on a child, sexual

assault on a child by a person in a position of trust, sexual assault on a child – pattern of

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

abuse, and sexual assault – ten-year age difference.  On direct appeal, the Colorado Court of Appeals vacated and merged the sexual assault on a child conviction, concluding it was duplicative of the sexual assault on a child – pattern of abuse conviction, but affirmed in all other respects.  The Colorado Supreme Court denied certiorari.  Rea sought state post-conviction relief through several motions and appeals, none of which succeeded.

After denial of state relief, Rea filed a § 2254 petition in federal court asserting three claims:  (1) the jury instructions and verdict form regarding a pattern of abuse were improper; (2) the evidence was insufficient to support his convictions; and (3) the jury did not find him guilty of a pattern of abuse.  Rea later moved to add a claim asserting that the prosecutor withheld evidence.  The district court dismissed claims one and three on procedural grounds, rejected claim two on the merits, and denied the motion to amend on futility grounds.  Rea now seeks a COA to appeal the district court's denial of relief.

## II

To obtain a COA, Rea must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).  Rea must ultimately show that the state courts' adjudication of his claim either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established Federal law."  § 2254(d)(1), (2).

-2-

In his application for COA, Rea lists eight issues, but several simply restate the same argument or advance sub-arguments on the same issue. Construing his pro se filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), Rea advances two arguments: (1) the evidence was insufficient to support his convictions; and (2) the district court erred in concluding his motion to add a claim under Brady v. Maryland, 373 U.S. 83 (1963), was futile.

**A**

"When reviewing the sufficiency of the evidence on a habeas corpus petition, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Turrentine v. Mullin, 390 F.3d 1181, 1197 (10th Cir. 2004) (quotation and emphasis omitted). We agree with the district court that the Colorado state courts properly applied this standard.

Rea argues that the evidence was insufficient because several items taken from the room in which some of the sexual assaults occurred tested negative for the presence of semen. However, as the district court correctly held, the testimony from the victims was plainly sufficient to establish Rea's guilt. Rea contends that the lack of physical evidence renders the victims' testimony inherently incredible. But the standard for establishing that witness testimony is incredible as a matter of law is exceptionally high. We will reject witness testimony in the context of a sufficiency of the evidence challenge only if the testimony is "unbelievable on its face, i.e., testimony as to facts that the witness physically could not have possibly observed or events that could not have occurred under

-3-

the laws of nature." Tapia v. Tansy, 926 F.2d 1554, 1562 (10th Cir. 1991) (quotation and alteration omitted). The victims' testimony is not contradicted by the absence of semen; their testimony could be reasonably accepted by a jury regardless of the physical evidence. Accordingly, the district court's rejection of Rea's claim is not debatable.[1]

**B**

Rea also claims the district court erred in denying him leave to add a Brady claim. The court determined that amendment would be futile because the claim was procedurally defaulted. To obtain federal habeas relief, a state prisoner must first exhaust state court remedies. See Bland v. Sirmons, 459 F.3d 999, 1011 (10th Cir. 2006). This requires a petitioner to "fairly present[]" his claim to the state court. Id. (citation omitted). "'Fair presentation' means that the petitioner has raised the substance of the federal claim in state court. The petitioner need not cite book and verse on the federal constitution, but the petitioner cannot assert entirely different arguments from those raised before the state court." Id. (quotations omitted).

The Brady claim now pressed by Rea concerns the alleged failure to disclose that a second analyst other than the serologist who testified at trial examined seized evidence for hair and fiber traces. As the district court noted, Rea advanced a somewhat similar claim in his first post-conviction motion, but did not complain of the non-disclosure of the hair and fiber analyst and thus did not fairly present the issue. See Duncan v. Henry, 513 U.S. 364, 366 (1995) ("[M]ere similarity of claims is insufficient to exhaust.").

---

[1] Several of the numbered issues listed by Rea assert that the district court erred in conducting its analysis of his sufficiency of the evidence claim in some manner. We disagree. As described above, the district court conducted the proper analysis.

Rea also argued that his counsel was ineffective for failing to raise the present Brady claim in a later-filed state post-conviction motion, and in appealing the denial of that motion. He further raised the Brady issue in his certiorari petition to the Colorado Supreme Court. But the Colorado Court of Appeals held that the issue could have been raised in his original post-conviction motion and accordingly denied relief under Colo. R. Crim. P. 35, and the Colorado Supreme Court denied certiorari. Even assuming that these arguments constituted fair presentation of Rea's Brady claim, the issue was "defaulted in state court on an independent and adequate state procedural ground" and is thus not cognizable on federal habeas review "unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993) (citation omitted). To show cause, a petitioner must demonstrate that "some objective factor external to the defense," such as the unavailability of the factual predicate of the argument, prevented him from complying with the state's procedural rule. Scott v. Mullin, 303 F.3d 1222, 1228 (10th Cir. 2002) (quotation omitted). Rea has failed to make such a showing. An analyst testified at Rea's trial that a different analyst conducted the hair and fiber testing, thus putting Rea on notice of the factual predicate of his claim.[2] The district court's rejection of Rea's Brady claim on procedural grounds is not subject to reasonable debate.

---

[2] Rea also argues that the district court erred by declining to hold an evidentiary hearing on his claims. "[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record." Sandoval v. Ulibarri, 548 F.3d 902, 915 (10th Cir. 2008) (quotation omitted). Rea was not entitled to an evidentiary hearing because his claims could be resolved on the existing record.

**III**

Rea's request for a COA is **DENIED** and the appeal is **DISMISSED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge