FILED
United States Court of Appeals
Tenth Circuit

December 9, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL D. REA, II,

        Petitioner - Appellant,

v.

TRAVIS TRANI; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 14-1442
(D.C. No. 1:14-CV-02479-LTB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **HARTZ** and **HOLMES**, Circuit Judges.

Michael D. Rea, a state prisoner proceeding pro se, seeks to appeal the district

court's dismissal of his application for a writ of habeas corpus as an unauthorized

second 28 U.S.C. § 2254 application. We deny a certificate of appealability (COA)

and dismiss this matter.

Mr. Rea was convicted of several sexual assault crimes in Colorado state

court. His first attempt to pursue relief from his convictions under § 2254 was

unsuccessful. *See Rea v. Suthers*, 402 F. App'x 329, 332 (10th Cir. 2010). In 2014,

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, which is "used to attack the execution of a sentence, in contrast to § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation omitted). Because it appeared that Mr. Rea sought to attack the validity of his conviction and sentence, the magistrate judge ordered Mr. Rea to file an amended application using the appropriate court-approved form. In response, Mr. Rea filed an amended application for relief under § 2254.

The district court concluded that the application attempted to assert unauthorized second or successive § 2254 claims, *see* 28 U.S.C. § 2244(b) (restricting second or successive applications under § 2254), and dismissed it for lack of jurisdiction, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The court also denied Mr. Rea leave to proceed on appeal without prepayment of costs and fees.

Mr. Rea now seeks a COA from this court. To obtain one, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Rea does not meet this test.

Because Mr. Rea's 2014 application was a second attempt to bring § 2254 claims challenging his convictions and sentence, this court had to authorize the

application before Mr. Rea could proceed in district court.  *See* 28 U.S.C. § 2244(b)(3)(A) (requiring that "[b]efore a second or successive [§ 2254] application is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").  No reasonable jurist could debate this issue.

We also conclude that the district court's decision not to transfer the matter to this court was correct.  When presented with an unauthorized second or successive claim, "the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the . . . petition for lack of jurisdiction."  *In re Cline*, 531 F.3d at 1252.  The court concluded that it would not be in the interest of justice to transfer Mr. Rea's application because the application did not demonstrate that he could meet the requirements for filing a second § 2254 application.  *See* 28 U.S.C. § 2244(b)(2) (providing that a second or successive § 2254 application can proceed only if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or new evidence of actual innocence of the underlying offense).  No reasonable jurist could debate this issue either.

We deny a COA and dismiss this matter.  We also deny Mr. Rea's motion for remand, which repeats the arguments in his opening brief.  Last, we deny Mr. Rea's motion to proceed on appeal without prepayment of costs or fees.  Instead of attempting to address the issues arising under § 2244(b) and the fact that the 2014

habeas application was a second attempt to challenge his convictions and sentence, Mr. Rea reargues alleged financial improprieties by the Colorado state court in connection with his prosecution. Therefore, he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the [relevant] issues . . . on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk