(7 P.3d 319)

No 83,329

ANTHONY D. ROACH, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed May 19, 2000.

*Gary W. Owens* and *Roger L. Falk*, of Law Office of Roger L. Falk, P.A., of Wichita, for the appellant.

*Mary A. McDonald*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before LEWIS, P.J., MARQUARDT, J., and JOHN P. BENNETT, District Judge, assigned.

LEWIS, J.: In September 1978, petitioner Anthony D. Roach entered a plea of nolo contendere to one count of aggravated robbery and two counts of aggravated assault. Accordingly, he was convicted of those crimes.

In June 1979, petitioner filed a motion seeking to withdraw his pleas on the grounds that he did not understand the consequences and further that the court did not follow the State's sentencing recommendations. This motion was resolved by a plea agreement in which petitioner was allowed to withdraw his plea to the charge of aggravated robbery. The State agreed to amend that charge by omitting the allegation that petitioner was armed with a gun and instead the new charge alleged that "another was armed with a dangerous weapon." Petitioner pled guilty to the amended charge and was sentenced to a term of 5 years to life on aggravated robbery to be served concurrent with 1- to 10-year sentences on aggravated assault.

In 1999, 20 years after he pled to the charges, petitioner filed a K.S.A. 60-1507 motion, claiming the complaint was jurisdictionally defective because it failed to allege essential elements of the crime. The trial court denied this motion, and petitioner appeals.

We affirm.

The failure of petitioner to raise this issue for a period of 20 years after he pled guilty to the complaint in question causes this court to raise on its own the possible application of the doctrine of laches. That doctrine is defined in *Steele v. Guardianship & Conservatorship of Crist*, 251 Kan. 712, Syl. ¶ 9, 840 P.2d 1107 (1992):

"The doctrine of laches is an equitable principle designed to bar stale claims. When a party neglects to assert a right or claim for an unreasonable and unexplained length of time and the lapse of time and other circumstances cause prejudice to the adverse party, relief is denied on the grounds of laches. The mere passage of time is not enough to invoke the doctrine. For laches to apply, the court must consider the circumstances surrounding the delay and any disadvantage to the other party caused by that delay."

An unexplained delay of 20 years in raising an objection to the wording of a criminal complaint is certainly sufficient to require consideration of the doctrine of laches. A proceeding under K.S.A. 60-1507 is a civil action to which laches may apply.

Although it may appear novel to consider laches in a proceeding of this nature, it is not an issue of first impression in this state. In *Wilson v. Hand*, 181 Kan. 483, 484-85, 311 P.2d 1009 (1957), the facts indicated that the petitioner had waited for 11 years to raise an issue in a habeas corpus action. In a statement that admittedly must be considered dicta, the court said:

"Considering the contention of petitioner in the light most favorable to him, the F. B. I. record was available to him at the time of his trial and also at the hearing on the motion for new trial (*Strong v. Edmondson*, supra) and *the contention should have been raised by him then. He cannot wait eleven years and then raise the matter for the first time under a petition for writ of habeas corpus*." (Emphasis added.) 181 Kan. at 484-85.

It is obvious to us that the court in *Wilson* is referring to the doctrine of laches and is applying it in a setting similar to a 60-1507 proceeding.

The federal courts have a habeas rule which incorporates the doctrine of laches:

"Under Rule 9(a), a district court may dismiss a petition for the writ of habeas corpus upon a showing that (1) the state has been prejudiced in its ability to respond to the petition, (2) the prejudice resulted from the petitioner's delay in filing the petition, and (3) the petitioner has not acted with reasonable diligence as a matter of law." *Clency v. Nagle*, 60 F.3d 751, 753 (11th Cir. 1995).

The federal rule has been held not to be applicable to state habeas proceedings. See *Paxton v. Ward*, 199 F.3d 1197, 1206-07 (10th Cir. 1999). This does not mean that state proceedings may not apply the doctrine of laches, it simply means a state is not bound by the requirements in federal rule A. Laches is a court-devised equitable remedy and does not require legislation to apply.

The doctrine of laches has been applied to habeas proceedings in many other states. In *State ex rel. Smalley v. Morgan*, 211 Wis. 2d 795, 800-01, 565 N.W. 2d 805 (1997), the Wisconsin court reasoned as follows:

"Having concluded that [petitioner's] petition is properly filed in this court, we turn to the principles governing habeas corpus to determine whether [petitioner] is entitled to such relief. The *Knight* court recognized that " *'[h]abeas corpus is essentially an equitable doctrine, and a court of equity has authority to tailor a remedy for the particular facts.'* " *Knight*, 168 Wis. 2d at 520-21, 484 N.W. 2d at 544 (quoted source omitted). As an equitable doctrine, habeas corpus is subject to the doctrine of laches. *See State ex rel. McMillan v. Dickey*, 132 Wis. 2d 266, 281, 392 N.W. 2d 453, 458 (Ct. App. 1986). Where the delay on the petitioner's part was unreasonable and the State suffers actual prejudice from the delay in its ability to respond to the petition, dismissal on the grounds of laches may be warranted. *See id.* at 281 n.14, 392 N.W. 2d at 458. The issue of reasonableness presents a question of law which we review independently. *See Lohr v. Viney*, 174 Wis. 2d 468, 477, 497 N.W. 2d 730, 733 (Ct. App. 1993). 'Equitable remedies are not available to one whose own actions or inactions result in the harm.'" (Emphasis added.)

In the Wisconsin decision, the court concluded that the petitioner's delay was unreasonable and barred his habeas action.

In Florida, a delay of 15 years in raising a claim raises a court-imposed presumption of prejudice which must be rebutted by the petitioner. *McCray v. State*, 699 So. 2d 1366, 1368 (Fla. 1997).

In the instant matter, petitioner is raising issues which were known or easily could have been known to him in 1978. There is no question that under the proper circumstances the doctrine of laches would apply to a case of this nature. However, in this case, there is no evidence that the State has suffered prejudice by reason of petitioner's 20-year delay in raising the issue in question. For that reason, we decline to apply laches in this particular case. However, we conclude that the doctrine is available in a 60-1507 pro-

ceeding if the delay of petitioner is unreasonable, if the facts on which the issue was based had been known to petitioner for many years, and if there is evidence of prejudice to the State. We are also prepared to conclude that certain delays will result in a presumption of prejudice which a petitioner must rebut. We will not hesitate to apply the doctrine of laches to a proper factual situation.

In this case, petitioner basically argues that the complaints filed against him did not charge a crime and that the court had no jurisdiction to convict him. We conclude, after our review of the record, that petitioner's argument is without merit.

This is a case in which petitioner is making a collateral attack on a judgment entered against him some 20 years ago without having raised the issue on direct appeal or without having raised the issue to the trial court, other than in the current 60-1507 proceeding.

The parties' briefs spend considerable time debating what the proper standard of review is in this case. We conclude it is proper to apply the "common-sense" rule stated by the Kansas Supreme Court in *State v. Hall*, 246 Kan. 728, 764, 793 P.2d 737 (1990):

"The orderly resolution of criminal law issues requires timely raising of claims relating to the validity of an information. Tardily challenged informations are to be construed liberally in favor of validity. The validity of an information is to be tested by reading the information as a whole. The elements of the offense may be gleaned from the information as a whole. An information not challenged before verdict or finding of guilty or pursuant to K.S.A. 22-3502 by a motion for arrest of judgment will be upheld *unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted.* [Citation omitted.]" (Emphasis added.)

Petitioner argues that since his conviction was final before *Hall* was decided, the "pre-*Hall*" rule should apply in his case. In doing so, he cites as authority our decision in *Carmichael v. State*, 18 Kan. App. 2d 435, 856 P.2d 934 (1993), *aff'd in part and rev'd in part* 255 Kan. 10, 872 P.2d 240 (1994). In that case, we decided that the complaint was jurisdictionally defective and that the pre-*Hall* rule would apply to the collateral attack on the convictions at issue in that case. However, the Supreme Court reversed our decision in part and found that there was no jurisdictional defect and remanded the case for resentencing. See *Carmichael v. State*, 255

Kan. 10, 15, 872 P.2d 240 (1994). The Supreme Court's conclusion that the trial court had jurisdiction renders rather meaningless our decision in *Carmichael*, and we do not feel bound by it.

We conclude the pre-*Hall* cases are no longer the law of this state and that in the case of a collateral attack such as the one in question, the liberal common-sense rule enunciated in *Hall* will apply. In *Hall*, the Supreme Court dealt with a direct appeal in which a jurisdictional issue based on the language of the complaint was being raised for the first time on *direct appeal*. In this case, we deal with a 20-year-old collateral attack on the defendant's convictions that has never been raised before. The spirit and purpose of *Hall* requires that we apply its common-sense rule to the facts presently before this court.

The real issue in this case is whether the information filed against petitioner was sufficient to charge him with the crimes and establish jurisdiction of a court to try him and convict him of those crimes. The Supreme Court has clearly defined what a complaint must allege in order to charge a crime in *State v. Rasch*, 243 Kan. 495, 758 P.2d 214 (1988), and *State v. Micheaux*, 242 Kan. 192, 747 P.2d 784 (1987). Both of these decisions were relied on by the Supreme Court in arriving at its decision in *Hall*.

In *Micheaux*, the court reviewed the principles and statutory requirements to be considered in construing an information in a criminal case. As we read *Micheaux*, its principle may be established as follows: A conviction based on an information that does not charge the crime for which the accused is convicted is void, and such a fundamental defect may be raised at any time. A complaint drawn in the language of the statute shall be deemed sufficient. Defenses and objections based on defects in the complaint, other than it fails to show jurisdiction in the court or to charge a crime, may be raised only before trial. 242 Kan. at 195-97. A complaint is sufficient if it substantially follows the language of the statute or "charges the offense in equivalent words or others of the same import *if the defendant is thereby fully informed of the particular offense charged and the court is able to see therefrom on what statute the offense is founded.*" (Emphasis added.) 242 Kan. at 197. "While an information may be insufficient if it fails to allege

an essential element of the offense, nevertheless, an information should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." 242 Kan. at 199.

In *Rasch*, the court held that an oral amendment made during trial gave the defendant adequate notice of the crimes with which he was charged and satisfied all jurisdictional requirements. 243 Kan. at 501. That holding has been extended to apply to an oral amendment journalized after trial and hearings on post-trial motions, *State v. Nunn*, 244 Kan. 207, 224, 768 P.2d 268 (1989), or validated by a nunc pro tunc order entered on the Supreme Court's instructions following an appeal, *State v. Switzer*, 244 Kan. 449, 457, 769 P.2d 645 (1989).

As we understand the Supreme Court's decision, where a defendant is adequately apprised of the offense charged and the offense is a crime under the laws of the state, a defect in the complaint does not deprive the trial court of jurisdiction over that crime.

The most recent Supreme Court decision on the issue is *State v. Smith*, 268 Kan. 222, 226-27, 993 P.2d 1213 (1999). In *Smith*, the Supreme Court applied the common-sense rule to a case in which the complaint was challenged as jurisdictionally defective at the trial court level. Under those circumstances, the court held that the sufficiency of the complaint should be judged by the following standard:

"The sufficiency of the charging document is measured by whether it contains the elements of the offense intended to be charged, sufficiently apprises the defendant of what he or she must be prepared to meet, and is specific enough to make a subsequent plea of double jeopardy possible. The charging document is sufficient if it substantially follows the language of the statute or charges the offense in equivalent words or words of the same import. K.S.A. 22-3201; *State v. Micheaux*, 242 Kan. 192, 197, 747 P.2d 784 (1987)." 268 Kan. at 226-27.

It appears from the most recent decision that the pre-*Hall* cases no longer represent the law of Kansas and that defective complaints hereafter will be construed along the lines of the common-sense rule announced in *Hall*.

Petitioner first argues the trial court lacked jurisdiction to convict him of aggravated robbery. It is interesting to note that he does not allege that he was less than fully informed of the charges or that the factual allegations were insufficient to support the conviction. He simply argues that his convictions are void because an essential element of the crime was omitted from the complaint.

The original complaint to which petitioner pled nolo contendere charged the following:

"That on or about the 4th day of September, 1978, the said Anthony D. Roach, within the above and within named County and State, then and there being, did then and there contrary to the statutes of the State of Kansas unlawfully feloniously and willfully take property, to-wit: $432.50 in cash, from the presence of Ruth Huffstuteler, Manager, I-35 Inn, Newton, Kansas, while the said Anthony D. Roach was armed with a dangerous weapon, to-wit: a gun. Section violated: K.S.A. 21-3427. Class B Felony."

There is no question that the complaint adequately charges petitioner with aggravated robbery. All elements of the aggravated robbery statute are satisfied by or are implicit in the factual allegations of the complaint. The complaint clearly indicates which Kansas crime is being charged.

The complaint does not specifically allege that the property was taken by force or threat of bodily harm. However, that element is necessarily implied by the allegation of use of a dangerous weapon. No one could have any doubt about what crime the State was charging or that it was a crime under the laws of Kansas. If all the factual allegations of the complaint were true, petitioner was guilty of the crime. The court had jurisdiction, as is defined in *Hall* and *Micheaux*.

Petitioner then argues that even if the original complaint was sufficient, the amended complaint did not contain sufficient allegations to charge him with aggravated robbery. As pointed out earlier, the amended complaint was filed as a result of a plea agreement between petitioner and the State. As a result of that agreement, the State alleged that the offense was committed while another person was armed with a gun. This change in allegations was obviously accomplished to permit petitioner to avoid an enhanced sentence for use of a firearm. This complaint may not specifically

allege that petitioner was acting in concert with the armed person, but it fairly implies that fact.

In addition, petitioner will not be allowed to complain of a defect in the language of a complaint when he requested that language as consideration for his plea of guilty. The complaint established jurisdiction and reasonably charged the offense of aggravated robbery. Any other defects raised by petitioner are technical defects which are waived by his plea of guilty. See K.S.A. 22-3208(4).

Finally, petitioner argues his convictions for aggravated assault are jurisdictionally defective. He argues that the complaints filed against him omitted a requirement of an apparent ability to cause bodily harm.

Petitioner pled nolo contendere to the two counts of aggravated assault and was not permitted to withdraw those pleas. The pleas of nolo contendere were based on the same charging document as the original count of aggravated robbery, which alleged that petitioner committed the crime while armed with a gun. We conclude that the counts of aggravated assault incorporated the allegation that petitioner used a gun in committing the crimes.

We agree that apparent ability is an essential element of the crime of aggravated assault. However, where the complaint includes the allegation that petitioner was armed, the element of apparent ability is satisfied. See *State v. Bishop*, 240 Kan. 647, 732 P.2d 765 (1987); *Zapata v. State*, 14 Kan. App. 2d 94, 97, 782 P.2d 1251 (1989).

We hold that the complaint, when construed as a whole, alleged all of the essential elements of aggravated assault. Petitioner's arguments to the contrary are without merit.

Affirmed.