(101 P.3d 727)
No. 90,114

THOMAS WOODBERRY, *Appellant*, v. STATE OF KANSAS, *Appellee*.

Opinion filed February 13, 2004.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant, and *Thomas Woodberry*, appellant pro se.

*Boyd K. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before RULON, C.J., HILL, J., and BRAZIL, S.J.

BRAZIL, J.: Thomas Woodberry appeals the district court's summary dismissal of his K.S.A. 60-1507 motion. We affirm.

In 1979, Woodberry was convicted of three counts of aggravated robbery and one count of aggravated battery. He was sentenced to concurrent sentences of 5 to 20 years on each count. While on parole in 1984, Woodberry was convicted of a single count of aggravated battery. Following revocation of his parole, he was sentenced to 3 to 10 years, which was to run consecutive to the remainder of his 1979 sentences. In 1993, Woodberry was convicted for aggravated robbery and misdemeanor theft and was sentenced to a term of 1 to 5 years' imprisonment to run consecutive to the sentences in the two prior cases. See *Woodberry v. State*, No. 89,193, unpublished opinion filed December 19, 2003.

Woodberry has previously requested post-conviction relief from this court, seeking conversion of his indeterminate sentences and otherwise challenging his various sentences. See *State v. Woodberry*, No. 75,745, unpublished opinion filed March 7, 1997, *rev. denied* 262 Kan. 969 (1997); *Woodberry v. State*, No. 78,917, unpublished opinion filed October 23, 1998, *rev. denied* 266 Kan. 1117 (1998); *Woodberry v. State*, No. 83,469, unpublished opinion filed July 28, 2000; *State v. Woodberry*, No. 84,862, unpublished opinion filed May 11, 2001, *rev. denied* 271 Kan. 1042 (2001); *Woodberry v. Bruce*, No. 89,060, unpublished opinion filed November 15, 2002; *Woodberry v. State*, No. 89,193, unpublished opinion filed December 19, 2003. At least six other cases were dismissed without opinion, and Woodberry also has at least two other cases currently pending before this court.

On June 7 and June 28, 2002, Woodberry filed a pair of motions with the Sedgwick County District Court pursuant to K.S.A. 60-1507 and K.S.A. 2002 Supp. 60-1501, which form the basis for the present action. The motions alleged that the Department of Corrections (DOC) had illegally aggregated his 1979 sentence with his later convictions, ultimately extending the term of the 1979 sentence beyond 20 years. Woodberry also alleged various claims of ineffective assistance of trial and appellate counsel, as well as claims of prosecutorial misconduct.

In response, the State argued that the motions should be summarily dismissed as they were barred by the doctrine of laches and also constituted an abuse of remedy. At a nonevidentiary hearing on Woodberry's motions, the district court adopted the State's arguments and ruled that the motions were barred by the doctrine of laches and were otherwise successive in nature and represented an abuse of remedy.

Woodberry alleges the district court erred in denying his motion to vacate sentence without a hearing, without appointment of counsel, and without addressing the issues raised therein.

When a motion is filed under K.S.A. 60-1507, the district court is not required to hold a hearing or appoint counsel when the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." K.S.A. 60-1507(b). When the district court summarily denies a motion without a hearing, this court will review that decision under an abuse of discretion standard. *Estes v. State*, 221 Kan. 412, 414, 559 P.2d 392 (1977); *Price v. State*, 28 Kan. App. 2d 854, 855, 21 P.3d 1021, *rev. denied* 271 Kan. 1037 (2001). Judicial discretion is abused when no reasonable person would take the view adopted by the trial court. *State v. Lopez*, 271 Kan. 119, 125, 22 P.3d 1040 (2001).

The burden is on the movant to allege facts sufficient to warrant a hearing on the motion. Supreme Court Rule 183(g) (2003 Kan. Ct. R. Annot. 213); *Doolin v. State*, 24 Kan. App. 2d 500, 501, 947 P.2d 454 (1997). If the motion does not contain any substantial issues of fact, the district court is not required to appoint counsel or hold a hearing. Supreme Court Rule 183(h) (2003 Kan. Ct. R. Annot. 213); *Doolin*, 24 Kan. App. 2d at 501.

Woodberry argues that the DOC has improperly aggregated his sentences for purposes of determining his release dates. However, as this court has noted in two of Woodberry's prior appeals, this argument challenges not the sentence imposed but the DOC's treatment of his sentence. *State v. Woodberry*, No. 84,862, unpublished opinion filed May 11, 2001, *rev. denied* 271 Kan. 1042 (2001); *Woodberry v. State*, No. 83,469, unpublished opinion filed July 28, 2000. This motion should have been filed as an action under K.S.A. 2002 Supp. 60-1501 in the county of incarceration.

See *McKinney v. State*, 27 Kan. App. 2d 803, 803, 9 P.3d 600 (2000). Although Woodberry captioned his motions as being brought under both K.S.A. 60-1507 and K.S.A. 2002 Supp. 60-1501, because he was incarcerated in the Lansing Correctional Facility, the Sedgwick County District Court was not the proper forum for this challenge.

Additionally, Woodberry has filed a petition pursuant to K.S.A. 2002 Supp. 60-1501 relating to this very issue, the denial of which was recently handed down by this court. *Woodberry v. McKune*, No. 90,474, unpublished opinion filed December 24, 2003.

To the extent the current appeal raises issues pertaining to the aggregation and conversion of Woodberry's sentences, we need not reach the merits of these arguments as they are not properly before this court.

Woodberry also raises various issues relating to the effectiveness of his trial counsel. In addition to various trial errors, he claims his 1979 trial counsel was ineffective for failing to argue for severance of the charges against him, failing to make appropriate objections during jury selection, failing to raise the issue of identification at trial, and was otherwise inadequately prepared to defend him. Woodberry also contends that counsel abandoned his appeal.

Under Supreme Court Rule 183(c) (2003 Kan. Ct. R. Annot. 213), "a proceeding under K.S.A. 60-1507 cannot ordinarily be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal." However, trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided there were exceptional circumstances excusing the failure to appeal. Supreme Court Rule 183(c)(3) (2003 Kan. Ct. R. Annot. 213).

Additionally, the "sentencing court shall not entertain a second or successive motion for relief" on the same ground presented in a prior application that was determined adversely to the applicant on the merits and the ends of justice would not be served by reaching the merits of the subsequent motion. Supreme Court Rule 183(d) (2003 Kan. Ct. R. Annot. 213).

Woodberry must allege exceptional circumstances in order to warrant this court's consideration of a successive 60-1507 motion.

"Exceptional circumstances are unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding." *Brooks v. State*, 25 Kan. App. 2d 466, Syl. ¶ 2, 966 P.2d 686 (1998). Unless exceptional circumstances are shown, the sentencing court may properly dismiss a second or successive motion on the ground its use constitutes an abuse of remedy. 25 Kan. App. 2d at 467; see K.S.A. 60-1507(c).

Woodberry has filed several previous 60-1507 motions and has had ample opportunity to raise any and all issues relating to his trial counsel's performance. He has not provided this court with any reasons for failing to raise the current argument in his previous motions and also failed to allege to the district court exceptional circumstances which would warrant consideration of a successive 60-1507 motion. "The underlying rationale for these limitations on the availability of post-conviction relief pursuant to 60-1507 is the necessity for some degree of finality in the criminal appeal process in order to prevent the endless piecemeal litigation in both the state and federal courts." *Walker v. State*, 216 Kan. 1, 4, 530 P.2d 1235 (1975). The district court correctly dismissed Woodberry's motion on this basis.

Additionally, the district court denied the motions based in part on the doctrine of laches. The district court's application or denial of the doctrine of laches is also reviewed for an abuse of discretion. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 388, 22 P.3d 124 (2001).

"The doctrine of laches is an equitable principle designed to bar stale claims. When a party neglects to assert a right or claim for an unreasonable and unexplained length of time, and the lapse of time and other circumstances cause prejudice to the adverse party, relief is denied on the grounds of laches. We have stated that the mere passage of time is not enough to allow a party to invoke the doctrine. For laches to apply, the court must consider the circumstances surrounding the delay and whether there was any disadvantage to the other party caused by that delay. [Citation omitted.]" *Steele v. Guardianship & Conservatorship of Crist*, 251 Kan. 712, 725, 840 P.2d 1107 (1992).

In *Roach v. State*, 27 Kan. App. 2d 561, 564-65, 7 P.3d 319, *rev. denied* 270 Kan. 899 (2000), this court discussed the applicability of the doctrine of laches to K.S.A. 60-1507 appeals:

"[T]he doctrine is available in a 60-1507 proceeding if the delay of petitioner is unreasonable, if the facts on which the issue was based had been known to petitioner for many years, and if there is evidence of prejudice to the State. We are also prepared to conclude that certain delays will not result in a presumption of prejudice which a petitioner must rebut. We will not hesitate to apply the doctrine of laches to a proper factual situation."

In *Roach*, the movant complained of an alleged defective complaint from 1978. This court noted that "[a]n unexplained delay of 20 years in raising an objection to the wording of a criminal complaint is certainly sufficient to require consideration of the doctrine of laches." 27 Kan. App. 2d at 563. Finding no evidence that the State had suffered prejudice by the movant's 20-year delay, this court declined to apply the doctrine of laches. Despite declining to apply the doctrine to Roach's case, this court noted the application of the doctrine to habeas proceedings in other jurisdictions, specifically citing *State ex rel. Smalley v. Morgan*, 211 Wis. 2d 795, 800-01, 565 N.W.2d 805 (1997), and *McCray v. State*, 699 So. 2d 1366, 1368 (Fla. 1997). *Roach*, 27 Kan. App. 2d at 564. The *Smalley* court held that the issue of reasonableness as it pertains to a delay in filing the petition is a question of law which is reviewed independently. 211 Wis. 2d at 801. The *McCray* court explained its holding by stating:

"This Court has implemented time restrictions in the filing of collateral relief petitions because inmates must not be allowed to engage in inordinate delays in bringing their claims for relief before the courts without justification and because convictions must eventually become final. As time goes by, records are destroyed, essential evidence may become tainted or disappear, memories of witnesses fade, and witnesses may die or be otherwise unavailable." 699 So. 2d at 1368.

Woodberry's most recent 60-1507 claim regarding ineffective assistance of counsel was brought before the district court in 2002, approximately 22 years after conviction. This is the type of situation in which the doctrine of laches should apply. The crimes of which Woodberry was convicted took place approximately 25 years ago. Memories of the witnesses and victims, if still available, surely would be compromised by the delay. The facts upon which this claim has been brought have clearly been known to Woodberry since the trial occurred in 1979. Woodberry has offered no justi-

fication or explanation as to why he failed to raise these claims until now. The length of this delay is unreasonable, and the State would undoubtedly be prejudiced if forced to retry Woodberry.

Woodberry's argument concerning his sentence is improperly raised in the present case. Further, his motions were successive under Supreme Court Rule 183(d). Additionally, Woodberry's claims could have been barred by the doctrine of laches. The district court did not abuse its discretion in dismissing Woodberry's 60-1507 motions on either basis.

Affirmed.