NOT DESIGNATED FOR PUBLICATION

No. 114,193

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

LOUIS E. KEBERT,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed August 26, 2016. Affirmed.

*Michael P. Whalen* and *Krystle M.S. Dalke*, of the Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and MCANANY, JJ.

*Per Curiam*: Louis E. Kebert pled guilty to second-degree murder and five counts of aggravated battery. In May 2006, the district court sentenced him to a controlling prison term of 276 months. Over a year later, in July 2007, Kebert sought to pursue a direct appeal. His appeal was dismissed.

Kebert then moved under K.S.A. 60-1507 to withdraw his guilty pleas because: (1) his attorney's representation was inadequate due to a conflict of interests; and (2) his attorney should have realized that Kebert did not have the capacity to enter a plea

1

because he was mentally impaired by medications. The district court summarily denied the motion, and Kebert appealed. On appeal we found no merit to the claim of mental impairment due to medications, but remanded the case for a hearing on Kebert's claim that his lawyer had a conflict of interests. *Kebert v. State (Kebert I)*, No. 101,568, 2010 WL 198509, at *1 (Kan. App. 2010) (unpublished opinion). On remand, the district court held an evidentiary hearing, found no merit to Kebert's conflict of interests claim, and denied relief. Kebert appealed again, and we affirmed the district court. *Kebert v. State (Kebert II)*, No. 106,566, 2012 WL 5974015, at *1 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 1246 (2012).

Kebert filed a second K.S.A. 60-1507 motion in July 2014. This time he claimed that his trial counsel had been ineffective because (1) he deliberately misled Kebert into entering a plea for second-degree murder rather than involuntary manslaughter while driving under the influence; (2) he misled Kebert into waiving a preliminary hearing; (3) he coerced and manipulated Kebert into entering a plea while Kebert was incoherent from brain trauma and under the influence of heavy medication; (4) he was more concerned about the victim's family than with Kebert's best interests; and (5) he deceived Kebert about his criminal history score. Kebert also claimed the district court deprived him of a fair trial.

Kebert conceded that his motion was untimely, but he relied on a claim of manifest injustice to excuse his late filing. The manifest injustice he claimed was that (1) his trial counsel lied and misled him to enter a plea while he was suffering from a brain injury and heavily medicated; and (2) the prosecution falsified the plea agreement to obtain the maximum sentence. He also claimed that his sentence was illegal and the statute of limitations did not prevent challenging it and that a "powerful political influence" deprived him of a fair trial and plea bargain under due process of law, leaving him without an appellate remedy.

2

The district court summarily denied relief, finding it was "repetitive, without merit and time barred." Again, Kebert appeals.

Kebert argues the district court erred in failing to make detailed factual findings and legal conclusions as required by Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 271). He asserts that this failure renders the district court's decision not ripe for review. He asks us to reverse and remand his case to the district court to consider the merits of his claims.

But whether the district court made findings of fact and conclusions of law is of no moment because the district court summarily disposed of Kebert's motion without an evidentiary hearing. As a result, our review is de novo. Thus, it makes no difference whether the district court made findings and conclusions or, if it did, what those findings and conclusion were. We examine Kebert's motion anew. See *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

Next, Kebert argues that the district court should have held an evidentiary hearing on his motion. But no hearing is necessary, and the district court can summarily deny relief if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

Kebert's motion was untimely. He had to file his motion within 1 year of the final order on his direct appeal in the original criminal case. K.S.A. 60-1507(f)(1). Kebert's current motion was filed well past that deadline.

But Kebert relies on the exception to this rule which allows us to consider the motion when manifest injustice would occur if we did not. Manifest injustice has been defined as something that is obviously unfair or shocking to the conscience. *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011).

3

Kebert has the burden to establish manifest injustice. K.S.A. 60-1507(f)(2); *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013). In considering Kebert's claim of manifest injustice, our examination includes (1) whether he convinces us that circumstances prevented him from filing the 60-1507 motion within the 1-year time limitation; (2) whether his motion raises substantial issues of law or fact deserving consideration; *and* (3) whether he makes a colorable claim of actual innocence. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014),

The factual bases for Kebert's claim of manifest injustice are that his attorney lied and misled him into entering a plea while he was suffering from a brain injury and heavily medicated and that the prosecution falsified the plea agreement to obtain the maximum sentence. These claims arise from events occurring before the district court accepted Kebert's pleas and found him guilty. Even if true, neither of these reasons explains the delay in filing Kebert's motion. Further, Kebert makes no claim in his motion that he was innocent. To the contrary, his argument is that his lawyer should have negotiated a better deal for his criminal conduct. Kebert fails to show manifest injustice to excuse the untimely filing of his motion. The district court did not err in finding Kebert's motion untimely.

Kebert's motion was also successive. Under K.S.A. 60-1507(c), a district court is not required to entertain a second or successive motion on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). This was Kebert's second K.S.A. 60-1507 motion. In his original motion he raised claims about his lawyer's performance at the time of Kebert's pleas. Those claims were ultimately found by this court to have no merit. Kebert does not get a second bite of the apple on those claims.

The other claims Kebert raises in the present motion clearly could have been brought in his original motion, but they were not. The rule regarding successive motions applies not only to claims already brought, but claims that could have been brought in the

4

original motion. See *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012), *cert. denied* 134 S. Ct. 114 (2013); *Dunlap v. State*, 221 Kan. 268, 269-70, 559 P.2d 788 (1977).

Exceptional circumstances could excuse a successive motion, but that only applies when there are "'unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citation omitted.]" *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004); see Supreme Court Rule 183(c) and (d) (2015 Kan. Ct. R. Annot. 271). Kebert does not show any exceptional circumstances that prevented him from raising all these issues in his first K.S.A. 60-1507 motion. Thus, the district court did not err in concluding that Kebert's present K.S.A. 60-1507 motion was successive.

Affirmed.