NOT DESIGNATED FOR PUBLICATION

No. 115,896

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DAVID L. WOODWARD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 21, 2017. Affirmed.


*Kristen B. Patty*, of Wichita, for appellant.


*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., POWELL and GARDNER, JJ.


*Per Curiam*:  David L. Woodward pled guilty to several serious crimes in 1991, among them rape, kidnapping, and felony murder. Since then, Woodward has filed numerous motions in the district court seeking various types of relief which have led to several appeals in the appellate courts. In the present case, Woodward filed a K.S.A. 60-1507 motion, which the district court summarily denied, and Woodward now appeals. Because Woodward's motion is both untimely and successive, we affirm.

1

In September 1991, Woodward pled guilty to kidnapping, rape, indecent liberties with a child, felony murder, and two counts of sexual exploitation of a child. The district court sentenced Woodward to life in prison, plus an additional prison term of 30 years to life. Our Supreme Court affirmed Woodward's sentence. *State v. Woodward*, No. 68,957 (Kan. 1994), unpublished opinion filed January 21, 1994.

In 1994, Woodward filed a motion to have the DNA of certain biological material, including hair, compared to the DNA of another felon. According to Woodward, this other felon was involved in the murder for which he was convicted. In the motion, Woodward stated that fingerprints and hair tested during the murder investigation did not match his samples. The record does not show whether the district court ever ruled on Woodward's motion. In 1995, Woodward filed a pro se motion pursuant to K.S.A. 60-1507, which the district court summarily denied. Our court affirmed the district court's summary denial in *Woodward v. State*, No. 77,762 (Kan. App. 1999), unpublished opinion filed January 8, 1999. In 2007, Woodward unsuccessfully moved to withdraw his guilty plea, and our Supreme Court affirmed the district court's denial of that motion. *State v. Woodward*, 288 Kan. 297, 202 P.3d 15 (2009).

In 2009, Woodward filed another motion to withdraw his guilty plea and a motion for DNA testing under K.S.A. 21-2512. Woodward claimed, among other things, that the State had failed to disclose that hair found on the murder victim's body did not match his hair samples and that his fingerprints were not found on the murder victim's bike. The district court denied Woodward's motion, and our Supreme Court affirmed the denial in *State v. Woodward*, No. 103,555, 2011 WL 1002957 (Kan. 2011) (unpublished opinion). In 2011, Woodward filed another motion for DNA testing, which the district court summarily denied. However, our court, in *State v. Woodward*, No. 109,983, 2014 WL 4080160 (Kan. App. 2014) (unpublished opinion), reversed the district court and

remanded the case for further proceedings under K.S.A. 21-2512. Those proceedings are ongoing.

In October 2014, Woodward, acting pro se, filed his current motion pursuant to K.S.A 60-1507. Woodward argued that he received evidence from the Sedgwick County Sheriff's Office indicating that hair found on the murder victim's body did not match his hair samples and that his fingerprints were not found on the murder victim's bike. Woodward claimed he did not discover the allegedly exculpatory evidence until February 2014. Woodward also claimed that the State's failure to disclose the evidence violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), and had the evidence been disclosed he would not have pled guilty. The district court summarily denied Woodward's motion, finding that he was attempting to renew issues previously raised and ruled on. Woodward then filed a motion for reconsideration and an amended motion for reconsideration. Those motions were also denied by the district court.

Woodward timely appeals.

### DID THE DISTRICT COURT ERR IN DENYING WOODWARD'S K.S.A. 60-1507 MOTION WITHOUT AN EVIDENTIARY HEARING?

A district court has three options when considering a 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

3

When, as here, the district court summarily denies the motion based on the motion, files, and records without a hearing, our review is de novo. *Makthepharak v. State*, 298 Kan. 573, 577, 314 P.3d 876 (2013).

A.    *Timeliness*

A motion filed under K.S.A. 60-1507 must be filed within 1 year of

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
> "(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition." K.S.A. 2016 Supp. 60-1507(f)(1).

The 1-year time limitation may be extended "only to prevent a manifest injustice." K.S.A. 2016 Supp. 60-1507(f)(2). Until recently, manifest injustice was determined by considering the totality of the circumstances as articulated in *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). The Kansas Legislature, however, amended K.S.A. 60-1507 in 2016 to limit the manifest injustice inquiry "to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2016 Supp. 60-1507(f)(2)(A). Other panels of our court have held that because it is procedural rather than substantive, the amendment applies retroactively. See, *e.g.*, *State v. Phoenix*, 115,694, 2017 WL 1826048, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 5, 2017; *Olga v. State*, No. 115,334, 2017 WL 840296, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* April 3, 2017; *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 2, 2017.

Woodward argues that an extension of the time limitation is necessary to prevent manifest injustice, even though he filed his motion well beyond 1 year of the termination

4

of appellate jurisdiction. Although he relies on *Vontress*, Woodward seems to claim it would be manifestly unjust not to consider the merits of his motion because he did not discover the allegedly exculpatory evidence until February 2014 and, based on such evidence, he claims innocence. We are unpersuaded by Woodward's arguments for two reasons. First, although Woodward claims he did not know that hairs found on the murder victim's body did not match his hair samples and that his fingerprints were not found on the murder victim's bike until he received information from the Sedgwick County Sheriff's Office in February 2014, the record shows that he raised those evidentiary issues in his 1994 and 2009 motions for DNA testing. Second, Woodward cannot claim innocence because he pled guilty, which prevents a review of the evidence's sufficiency in a K.S.A. 60-1507 proceeding. See *Woods v. State*, 52 Kan. App. 2d 958, 968, 379 P.3d 1134 (2016) ("[C]laim of innocence . . . insufficient to override the longstanding rule that a freely and voluntarily entered guilty plea bars a collateral attack on the sufficiency of the evidence."), *petition for rev. filed* September 12, 2016. Woodward's motion was untimely.

B.     *Successiveness*

A district court is not "required to entertain a second or successive motion for similar relief on behalf of the same prisoner." K.S.A. 2016 Supp. 60-1507(c); see Supreme Court Rule 183(d) (2017 Kan. S. Ct. R. 222). Unless the movant shows exceptional circumstances, a successive motion can be dismissed. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). "'Exceptional circumstances are unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citation omitted.]" *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004). The movant bears the burden of showing exceptional circumstances. *Holt v. State*, 290 Kan. 491, Syl. ¶ 3, 232 P.3d 848 (2010).

5

Woodward does not dispute that his motion was successive, arguing instead that he alleged exceptional circumstances which justify an examination of his motion on the merits. Specifically, Woodward claims that the issues in his current motion could not have been raised in an earlier motion because he did not discover the allegedly exculpatory evidence until February 2014. But again, as we have already explained, Woodward raised the evidentiary issues included in his current motion in both his 1994 and 2009 motions for DNA testing. In addition to being untimely, Woodward's motion was also successive. The district court did not err in summarily dismissing it.

Affirmed.