NOT DESIGNATED FOR PUBLICATION

No. 116,702

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

HARABIA JABBAR JOHNSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed October 20, 2017. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Harabia Jabbar Johnson appeals the summary denial of his K.S.A. 2016 Supp. 60-1507 motion. On appeal, he argues he established a right to an evidentiary hearing on his claim that his sentences of two life terms plus 35 years to life for crimes committed when he was a juvenile are tantamount to life without the possibility of parole and constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Because Johnson did not demonstrate manifest injustice, he failed to overcome the one-year time limitation on filing his motion. In addition, he did not establish exceptional circumstances. The district court is affirmed.

1

On February 7, 1991, Johnson pled guilty to aggravated battery in case No. 90 CR 1426; first-degree murder, aggravated burglary, aggravated battery, aggravated arson, rape, aggravated sodomy, and two counts of aggravated kidnapping in case No. 90 CR 1427; and aggravated arson in case No. 90 CR 1843. In the first two cases, Johnson was 17 years old at the time he committed the crimes. In the last case, he was 18 years old when he committed the crime.

On March 12, 1991, a sentencing hearing was held in case No. 90 CR 1946. Johnson was committed to the custody of the Secretary of Corrections for a period of not less than 5 years and no more than 20 years. That sentence was to run concurrent with the sentences imposed in case No. 90 CR 1427, but consecutive to the sentence imposed in 90 CR 1843.

In case No. 90 CR 1427, Johnson was committed to the custody of the Secretary of Corrections for imprisonment of a period not less than 5 years but not more than 20 years for aggravated burglary in count 1; not less than 5 years and not more than 20 years for aggravated battery in count 2; not less than 15 years to life for aggravated robbery in count 3; for a period of life on each charge of aggravated kidnapping for counts 4 and 5; not less than 15 years to life for aggravated criminal sodomy in count 7; for a period of life for first-degree murder in count 8; and for a period of not less than 15 years to life for aggravated arson in count 10. Count 9 was dismissed.

In case No. 90 CR 1427, the sentences imposed in counts 1, 2, 3, 4, 5, and 10 were to run concurrent with each other, but consecutive to counts 6 and 7. The sentences in count 6 and 7 were to run concurrent with each other, but consecutive to count 8.

In case No. 90 CR 1843, Johnson was committed to the custody of the Secretary of Corrections for imprisonment of not less than 15 years to life for aggravated arson. The sentence was to run consecutive to the sentence imposed in case No. 90 CR 1427.

Johnson's parole eligibility and conditional release dates were to be computed from July 22, 1990.

Johnson filed pro se motions to withdraw his guilty plea in all three cases. In each, he argued his confession was unconstitutional because he was under the influence of drugs, his counsel was ineffective, and he was persuaded to plead guilty by promises which were not kept. The district court denied his motions to withdraw his guilty plea in all three cases. The district court stated Johnson made bald conclusory statements in his motions and provided no basis for granting relief.

Johnson filed a K.S.A. 60-1507 motion in 2000 which was summarily denied. The motion is not included in the record. This court affirmed the summary denial of his motion. *Johnson v. State*, No. 86,299, 2002 WL 1790734 (Kan. App. 2002) (unpublished opinion).

Johnson filed this K.S.A. 2016 Supp. 60-1507 motion on February 22, 2016, arguing: (1) his two life sentences plus 35 years are unconstitutional under the Eighth Amendment; (2) his two life sentences plus 35 years are equivalent to life without parole in violation of the Eighth Amendment; (3) the district court judge erred when he allowed Johnson to waive his juvenile offender rights without considering factors that would have shown he did not understand the ramifications of waiving his rights, which violated his Fourteenth Amendment rights; (4) the district court erred by not considering mitigating factors before the recommended sentences were imposed, in violation of his Fourteenth Amendment rights; (5) the Kansas Juvenile Offender Code is discriminatory towards African-Americans in violation of his Fourteenth Amendment rights; and (6) the murder charge was not premeditated, and he believes the factor of premeditation enhanced his sentence which he claims was illegal.

3

The district court denied his motion on April 13, 2016. Specifically, the district court stated: "Movant had failed to assert any grounds for which relief may be granted pursuant to K.S.A. 60-1507. Furthermore this [motion] has been filed out of time. Finally, the issues asserted in this [motion] are matters that were or should have been brought up on appeal."

Johnson timely appeals. On appeal, Johnson argues he established a right to an evidentiary hearing on his claim that his sentences of two life terms plus 35 years to life for crimes committed when he was a juvenile are "tantamount" to life without the possibility of parole and constitute cruel and unusual punishment in violation of the Eighth Amendment.

### DID THE DISTRICT COURT ERR WHEN IT SUMMARILY DISMISSED JOHNSON'S K.S.A. 2016 SUPP. 60-1507 MOTION?

In order to be granted relief under K.S.A. 2016 Supp. 60-1507, Johnson must establish by a preponderance of the evidence one of the following: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2016 Supp. 60-1507(b).

A district court has three options when handling a K.S.A. 2016 Supp. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the

4

motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 355 P.3d 1162 (2014).

The standard of review depends upon which of these options a district court uses. When the district court summarily denies a K.S.A. 2016 Supp. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

To avoid a summary denial of a K.S.A. 2016 Supp. 60-1507 motion, Johnson bears the burden of establishing that he is entitled to an evidentiary hearing. This burden requires that Johnson's assertions be more than conclusory statements. He must either set forth an evidentiary basis to support the assertions or the bases must be evident from the record. 300 Kan. at 881 (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]).

*Manifest Injustice*

K.S.A. 2016 Supp. 60-1507(f)(1) provides a one-year time limitation stating:

"Any action under this section must be brought within one year of:
(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or
(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final orders following granting such petition."

The one-year time limitation may be extended only to prevent manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). This court has interpreted manifest injustice to mean

obviously unfair or shocking to the conscience. *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007).

When determining whether a movant has suffered manifest injustice, this court should look at the totality of the circumstances, considering whether:

> "(1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence; *i.e.*, factual, not legal, innocence." *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014).

K.S.A. 2016 Supp. 60-1507(f)(2)(A) limits the manifest injustice inquiry "to determine why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." This court has held that the amendment is retroactive and applies to motions filed before the amendment took effect. *Perry v. State*, No. 115,073, 2017 WL 462659, at *3 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 2, 2017.

Johnson acknowledges he did not explicitly argue manifest injustice; however, he states he has provided the court with persuasive reasons or circumstances that prevented him from filing within the time limitation. However, Johnson does not provide a reason as to why his motion was not timely filed. Johnson then argues he has a colorable claim of actual innocence. Johnson states he was given unconstitutional and excessive sentences. This is not a claim regarding innocence of the crime. Johnson's claim is that the penalties for the crimes were unfair.

"[T]he term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence."

6

K.S.A. 2016 Supp. 60-1507(f)(2)(A). As stated in the statute, actual innocence is in regards to the conviction, not the sentence. Johnson's use of actual innocence is misplaced, as he argues he was innocent of the sentences, not the convictions. Therefore, Johnson has not demonstrated a colorable claim of actual innocence. He has failed to demonstrate manifest injustice and, therefore, did not overcome the one-year time limitation. K.S.A. 2016 Supp. 60-1507(f)(2). The district court is affirmed.

*Exceptional Circumstances*

Under K.S.A. 2016 Supp. 60-1507(c), a court is not required to entertain successive motions on behalf of the same prisoner. A movant is presumed to have listed all the grounds for relief. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). Therefore, a subsequent motion need not be considered absent a showing of exceptional circumstances. *State v. Kelly*, 291 Kan. 868, 872, 248 P.3d 1282 (2011). Exceptional circumstances "'are unusual events or intervening changes in the law which prevent a movant from reasonably being able to raise all of the trial errors in the first post-conviction proceeding.' [Citation omitted]" *Woodberry v. State*, 33 Kan. App. 2d 171, 175, 101 P.3d 727 (2004).

Johnson argues the case he relies on, *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), is an exceptional circumstances because it was decided after his first 60-1507 motion was filed. He relies on the holding in *Miller*, that mandatory life imprisonment without parole for those who are juveniles at the time the crimes are committed violates the Eighth Amendment's prohibition on cruel and unusual punishment. 567 U.S. at 479. Johnson states his two life sentences plus 35 years are tantamount to life in prison without the possibility of parole and therefore violate the Eighth Amendment to the United States Constitution.

Johnson is correct in the holding of *Miller*, however it is not applicable to his case. Johnson was not sentenced to life in prison without the possibility of parole. While several of Johnson's crimes did carry life sentences, one of which was committed when he was 18 years old, the district court stated his parole eligibility and conditional release dates were to be computed from July 22, 1990. Therefore, while Johnson was sentenced to several life sentences, he was not sentenced to life in prison without the possibility of parole. Johnson was therefore able to raise all of the errors in his first postconviction proceeding. See *Woodberry*, 33 Kan. App. 2d at 175.

Because *Miller* is not applicable to Johnson's sentences, it does not qualify as an exceptional circumstance. See *Woodberry*, 33 Kan. App. 2d at 175.

Affirmed.