NOT DESIGNATED FOR PUBLICATION

Nos. 127,730
127,731

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARK DEAN MCCLOUGH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Opinion filed April 18, 2025.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., GARDNER and HURST, JJ.

PER CURIAM: Mark D. McClough was convicted and sentenced for various crimes
in 2005 in three cases that were consolidated for trial. McClough later filed motions
alleging his sentences in two of the cases were illegal because the district court
miscalculated his criminal history score. A panel of this court agreed and remanded for
resentencing. On remand, the district court reduced McClough's sentences and re-
awarded 386 days of jail-time credit. McClough was unconvinced of the accuracy of the
Kansas Department of Corrections' (KDOC) application of the jail-time credit and, thus,
the calculation of his release date. In response to that alleged error, McClough filed
motions for nunc pro tunc orders under K.S.A. 22-3504(b) in the sentencing court,

1

claiming the KDOC miscalculated his release date. The district court denied McClough's motions, and McClough now appeals.

An incarcerated defendant must seek redress regarding the KDOC sentence calculation through a K.S.A. 60-1501 motion filed in the county where the defendant is incarcerated—which McClough failed to do. Rather, McClough filed a motion asserting his sentence is illegal under K.S.A. 22-3504. McClough failed to demonstrate his sentence is illegal, and the district court did not err in denying McClough's request for relief.

FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a jury convicted McClough of aggravated robbery, aggravated escape from custody, and theft in three cases that were consolidated for trial. Relevant to this appeal, the district court sentenced McClough to 247 months in prison in case 04CR1512 (aggravated robbery) and 23 months in prison in case 04CR2460 (aggravated escape from custody) to be served consecutively. The district court awarded McClough 386 days of jail-time credit in 04CR1512, which are the days at issue in this appeal. A panel of this court affirmed McClough's convictions and sentences on direct appeal. See *State v. McClough*, No. 96,322, 2007 WL 1964962, at *7 (Kan. App. 2007) (unpublished opinion), *rev. denied* 285 Kan. 1176 (2007).

In 2014, McClough filed motions alleging his sentences in cases 04CR1512 and 04CR2460 were illegal because the district court miscalculated his criminal history score when it erroneously classified three of his prior convictions as person felonies. The district court summarily denied the motions, and McClough appealed. A panel of this court partially agreed with McClough and found the district court had misclassified McClough's prior burglary conviction as a person offense and remanded the cases for resentencing based on the recalculated criminal history score. See *State v. McClough*, No.

2

114,030, 2016 WL 3856678, at *3 (Kan. App. 2016) (unpublished opinion). On remand, the district court resentenced McClough to 206 months in prison in case 04CR1512 and 18 months in prison in case 04CR2460 to be served concurrently. The district court awarded McClough 3,796 days of jail-time credit, including the original 386 days.

About 10 years later, in February 2024, McClough filed duplicate pro se motions under K.S.A. 22-3504(b) for nunc pro tunc orders in both 04CR1512 and 04CR2460 "to correct a clerical error regarding a jail-time credit application" because "[t]he filed Journal Entry of Judgment After Remand fails to unambiguously award defendant a total of 386 days jail time credit applicable towards the current sentence being served." In his motions, McClough argued "neither journal entry of judgment after remand definitely states defendant is to have 386 days of jail credit time applied to this concurrent sentence." McClough asserted that the court's alleged clerical error resulted in the KDOC miscalculating his release date.

The district court denied McClough's motions, reasoning it lacked jurisdiction because although McClough filed a motion under K.S.A. 22-3504, he did not claim his sentence was illegal. Rather, McClough challenged the KDOC's computation of his release date and not the district court's award of jail-time credit.

McClough appealed.

DISCUSSION

In his motion for summary disposition, "McClough argues that [the] KDOC Sentence Computation violated his right to due process by incorrectly applying his jail credit to his indeterminate sentences, from which he was conditionally released on August 9, 2010, and paroled to his determinate sentences." McClough acknowledges that a motion challenging the KDOC's calculation of his release date—which is what he seeks

3

to do—must be filed as a K.S.A. 60-1501 motion in the county of incarceration rather than in the sentencing court. See *Woodberry v. State*, 33 Kan. App. 2d 171, 173-74, 101 P.3d 727 (2004) (holding that when the defendant challenged "not the sentence imposed but the DOC's treatment of his sentence," such must be done through a K.S.A. 60-1501 motion in the county of incarceration). Although McClough challenges the KDOC's release date calculation, he did not pursue his claim through a K.S.A. 60-1501 motion and failed to demonstrate his sentence is illegal under K.S.A. 22-3504.

While the district court cited jurisdiction deficiency in its denial, the district court generally has jurisdiction to address motions under K.S.A. 22-3504. Subject matter jurisdiction is the court's authority to hear and decide a particular type of action. *Chalmers v. Burrough*, 314 Kan. 1, 7, 494 P.3d 128 (2021). This authority is conferred on the courts by both the Kansas Constitution and Kansas statutes. Kan. Const. art. 3, § 6(b) ("The district courts shall have such jurisdiction in their respective districts as may be provided by law."); K.S.A. 20-301 (District courts have "general original jurisdiction of all matters, both civil and criminal, unless otherwise provided by law."). A court must have subject matter jurisdiction to enter a valid judgment; therefore, a judgment rendered without subject matter jurisdiction is void. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

McClough requested a nunc pro tunc order under K.S.A. 22-3504(b), which permits district courts to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission." But McClough does not actually seek to correct a clerical error by the district court—the court's order clearly awarded McClough the required jail-time credit. Rather, he objects to how the KDOC calculated his sentence and release date. The district court generally has jurisdiction to correct clerical errors through a nunc pro tunc and authority to correct illegal sentences under K.S.A. 22-3504(b)—but McClough failed to demonstrate he was entitled to relief pursuant to either avenue.

4

K.S.A. 22-3504(b) does not give the sentencing court the authority to address allegations that the KDOC erroneously calculated a defendant's release date. McClough's claim must be raised in a K.S.A. 60-1501 motion. See K.S.A. 60-1501(a) (permitting an incarcerated person to "prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place"); see also *McKinney v. State*, 27 Kan. App. 2d 803, Syl. ¶ 2, 9 P.3d 600 (2000) ("A petition challenging the Department of Corrections' calculation of release dates must be filed pursuant to [K.S.A. 60-1501(a)] in the county of incarceration rather than with the sentencing court."); K.A.R. 44-6-135(a) ("Prison service credit shall be computed and applied by department of corrections' personnel.").

Additionally, McClough filed his motion in the county where he was sentenced rather than where he is incarcerated—Pawnee County—as required under K.S.A. 60-1501(a). See *Denney v. Norwood*, 315 Kan. 163, 173, 505 P.3d 730 (2022).

While courts can and should transfer a 60-1501 motion filed in the wrong county to the proper venue, that is not what occurred here. See *Johnson v. Zmuda*, 59 Kan. App. 2d 360, 365-66, 481 P.3d 180 (2021) ("[A] K.S.A. 60-1501 petition filed in the wrong county should be transferred to the proper venue, not dismissed."). McClough's motion to correct an illegal sentence was not merely an erroneously labeled K.S.A. 60-1501 motion—it did not comport with the requirements of K.S.A. 60-1501 to demonstrate timeliness, exhaustion of administrative remedies, or otherwise. See K.S.A. 75-52,138 (requiring inmates exhaust administrative remedies before seeking judicial redress against the KDOC); *Sperry v. McKune*, 305 Kan. 469, Syl. ¶ 5, 384 P.3d 1003 (2016). Instead, McClough filed a motion alleging his sentence was illegal—but entirely failed to demonstrate that illegality under K.S.A. 22-3504. McClough made no claims that his sentence is illegal under K.S.A. 22-3504(c). Additionally, the district court did not make a clerical mistake in its judgment or order regarding McClough's jail-time credit. The resentencing journal entries clearly award 3,796 days of jail-time credit—including the

5

386 days McClough complains of in his motion. McClough's motion and the files and records of his case conclusively show that he is not entitled to the relief requested.

CONCLUSION

The district court did not err in denying McClough's motions. While this court's reasoning extends beyond that of the district court, the district court nevertheless reached the correct result. See *Gannon v. State*, 302 Kan. 739, 744, 357 P.3d 873 (2015) ("'If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground or assigned erroneous reasons for its decision.'"). McClough's claim must be brought as a motion under K.S.A. 60-1501 in the county of incarceration.

Affirmed.